| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard J. Reynolds (SBN 89911)<br><br>Rafael R. Garcia-Salgado (SBN 283230)<br><br>BURKE, WILLIAMS & SORENSEN, LLP<br><br>1851 E. First Street Suite 1550<br><br>Santa Ana, CA 92705<br><br>Tel: 949-863-3363<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>MICHAEL JOSEPH RUFFNER | CASE NO.: 8:17-bk-14421-ES<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: **January 11, 2018**<br>TIME: **10:00 a.m.**<br>COURTROOM: **5A** |

**Movant:**
TROJAN CAPITAL INVESTMENTS, LLC

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367  ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                    Page 1                    **F 4001-1.RFS.RP.MOTION**


American LegalNet, Inc.
www.FormsWorkFlow.com

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1 (d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than *(date)* _____ and *(time)* _____; and, you may appear at the hearing.

   a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b   ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  11/28/17

BURKE, WILLIAMS & SORENSEN, LLP
Printed name of law firm (if applicable)

Rafael R. Garcia-Salgado
Printed name of individual Movant or attorney for Movant

/s Rafael R. Garcia-Salgado
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 2                         **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

**1.  Movant is the:**

☒  Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

☐  Servicing agent authorized to act on behalf of the Holder or Beneficiary.

☐  Other *(specify)*:

*2.*  **The Property at Issue (Property):**

a.  Address:

*Street address:* 4829 Camino Costado
*Unit/suite number*:
*City, state, zip code*: San Clemente, CA 92673

b.  Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit 1): See Exhibit 1

**3.  Bankruptcy Case History:**

a.  A ☒ voluntary ☐ involuntary bankruptcy petition under chapter   ☒ 7  ☐ 11  ☐ 12  ☒ 13 was filed on *(date)* 11/08/17          .

b.  ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on *(date)*          .

c.  ☐ A plan, if any, was confirmed on *(date)*          .

**4.  Grounds for Relief from Stay:**

a.  ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

(1)  ☒  Movant's interest in the Property is not adequately protected.

(A)  ☒  Movant's interest in the Property is not protected by an adequate equity cushion.

(B)  ☒  The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

(C)  ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

(2)  ☒  The bankruptcy case was filed in bad faith.

(A)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(B)  ☐  The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C)  ☐  A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D)  ☐  Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(E)  ☐  The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(F)  ☒  Other *(see attached continuation page)*: Debtor filed solely to prevent 11/10/17 foreclosure sale.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                     Page 3                          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

        (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

    (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (5) ☐ The Movant regained possession of the Property on *(date)* _____,
which is ☐ prepetition ☐ postpetition.

    (6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify):*

6. **Evidence in Support of Motion: *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)***

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
First-lien lender scheduled as being owed $1,324,587; value of property scheduled at $830,000 [Docket 1 at 25].

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.


American LegalNet, Inc.
www.FormsWorkFlow.com

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  11/28/17

BURKE, WILLIAMS & SORENSEN, LLP
Printed name of law firm *(if applicable)*
Rafael R. Garcia-Salgado
Printed name of individual Movant or attorney for Movant

/s Rafael R. Garcia-Salgado
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                    Page 5                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# REAL PROPERTY DECLARATION

I, *(print name of Declarant)* D.A. Madden _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☒ I am the Movant.

   b. ☒ I am employed by Movant as *(state title and capacity):*
      President of Trojan Capital Investments, LLC

   c. ☐ Other *(specify):*

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other *(see attached):*

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed alonges/indorsements, is attached as Exhibit 2.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g. ,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other *(specify):*

4. a. The address of the Property is:

      *Street address:* 4829 Camino Costado
      *Unit/suite no.:*
      *City, state, zip code:* San Clemente, CA 92673

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      See Exhibit 1

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkFlow.com

5.  Type of property *(check all applicable boxes)*:

   a. ☒ Debtor's principal residence        b. ☐ Other residence
   c. ☐ Multi-unit residential               d. ☐ Commercial
   e. ☐ Industrial                           f. ☐ Vacant land
   g. ☐ Other *(specify)*:

6.  Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) *(specify)*:

   c. ☐ Lienholder *(specify)*:

   d. ☐ Other *(specify)*:

   e ☐ The Debtor  ☐ did  ☐ did not list the Property in the Debtor's schedules.

   f ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

      The deed was recorded on *(date)* _____.

7.  Movant holds a    ☒ deed of trust  ☐ judgment lien  ☐ other *(specify)* _____
    that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 1.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
         attached as Exhibit 2.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
         trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 326,066.08 | $ | $ 326,066.08 |
| b. | Accrued interest: | $ 0 | $ | $ |
| c. | Late charges | $ 0 | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 0 | $ | $ |
| e. | Advances (property taxes, insurance): | $ 0 | $ | $ |
| f. | Less suspense account or partial balance paid: | $[ 0.00          ] | $[          ] | $[ 0.00          ] |
| g. | TOTAL CLAIM as of *(date)*: 10/13/17 | $ 326,066.08 | $ | $ 326,066.08 |

   h.  ☐ Loan is all due and payable because it matured on *(date)* _____

9.  Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action
    has occurred)*:

   a.  Notice of default recorded on *(date)* 07/13/17_____ or ☐ none recorded.

   b.  Notice of sale recorded on *(date)* 10/13/17_____ or ☐ none recorded.

   c.  Foreclosure sale originally scheduled for *(date)* 11/10/17_____ or ☐ none scheduled.

   d.  Foreclosure sale currently scheduled for *(date)* 12/06/17_____ or ☐ none scheduled.

   e.  Foreclosure sale already held on *(date)* _____ or ☐ none held.

   f.  Trustee's deed upon sale already recorded on *(date)* _____ or ☐ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                              Page 7                                     **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

10. Attached *(optional)* as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ *(chapter 7 and 11 cases only)* Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ N/A_____ for the month of _____ 20__.

    b. Number of payments that have come due and were not made: _____. Total amount: $ _____

    c. Future payments due by time of anticipated hearing date *(if applicable)*:

    An additional payment of $ _____ will come due on *(date)* _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ _____ will be charged to the loan.

    d. The fair market value of the Property is $ 830,000.00_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit 3.

        (4) ☐ Other *(specify):*

    e. **Calculation of equity/equity cushion in Property:**

    Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Select Portfolio Servicing | $ 1,324,587.00 | $ |
| 2nd deed of trust: | Trojan Capital Investments, LLC | $ 177,500.00 | $ 326,066.08 (NOTS) |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | San Clemente Improvement District | $ | $ 977.72 (TSG) |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | 1,651,630.80 | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 3 and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☒ Other *(specify):* Trustee's Sale Guarantee

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _____ and is _____% of the fair market value of the Property.

    h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0.00_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 8                             **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

i. ☐ Estimated costs of sale: $ _____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____.
A plan was confirmed on the following date *(if applicable)*: N/A_____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:
*(For details of type and amount, see Exhibit _____)*     $

e. Attorneys' fees and costs:
*(For details of type and amount, see Exhibit _____)*     $

f. Less suspense account or partial paid balance:     $[            ]

               TOTAL POSTPETITION DELINQUENCY:     $

g. Future payments due by time of anticipated hearing date *(if applicable):* _____.
An additional payment of $ _____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $ _____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ _____    received on *(date)* _____
$ _____    received on *(date)* _____
$ _____    received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT. TRUSTEE).*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                          Page 9                          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on *(date)* _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on *(date)* _____, which is  ☐ prepetition  ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other *(specify)*:
       Debtor filed Chapter 7 on the eve of 11/10/17 foreclosure sale.

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____    Case number: _____
           Date dismissed: _____    Date discharged: _____    Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not granted.

        2. Case name: _____
           Chapter: _____    Case number: _____
           Date dismissed: _____    Date discharged: _____    Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not granted.

        3. Case name: _____
           Chapter: _____    Case number: _____
           Date dismissed: _____    Date discharged: _____    Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 10                                    **F 4001-1.RFS.RP.MOTION**

**American LegalNet, Inc.**
www.FormsWorkFlow.com

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11-20-17 | Don A. Madden, III | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                    Page 11                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit 1

RECORDING REQUESTED BY:
CASE BACK TITLE COMPANY

This document was prepared by Heather_Mason National City Bank

6750 Miller Road Brecksville, OH 44141
Please return this document after recording to:

NCB, CLS BRECKSVILLE
DOCUMENTATION, LOCATOR 7120
6750 MILLER ROAD
BRECKSVILLE, OH 44141

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

30.00
2006000651011 03:12pm 09/29/06
120 91 D11 9
0.00 0.00 0.00 0.00 24.00 0.00 0.00 0.00

——— State of California ———                    Space Above This Line For Recording Data ———

# DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is September 22, 2006
The parties and their addresses are:
TRUSTOR: MICHAEL RUFFNER and Wendy Ruffner, Husband and Wife as Joint Tenants

2414 CALLE AQUAMARINA SAN CLEMENTE, California 92673

[X] If checked, refer to the attached Addendum incorporated herein, for additional Trustors, their signatures and acknowledgments.

TRUSTEE: National City Bank

RUFFNER
MORTGAGEDEED

LENDER: NATIONAL CITY BANK

013964585610966    XSRS33R

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Trustor's performance under this Security Instrument, Trustor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:
SEE ATTACHED EXHIBIT

The property is located in Orange ........................................ at ........................................
                              (County)

4829 CAMINO COSTADO ........... , ........ SAN CLEMENTE ...................... , California 92673 .......
(Address)                              (City)                              (ZIP Code)
Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ ........ 172,385.00 ..... . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
    A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(Include items such as borrowers' names, note or contract amounts, interest rates (whether variable), maturity dates, etc.)*

Maturity Date: 9/22/2021

**CALIFORNIA - DEED OF TRUST** (NOT FOR FNMA, FHLMC, FHA OR VA USE)
© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP®-C165(CA) (0605)

(page 1 of 6)

01-396-458 5610966

B. All future advances from Lender to Trustor or other future obligations of Trustor to Lender under any promissory note, contract or guaranty, or other evidence of debt executed by Trustor in favor of Lender after this Security Instrument if this Security Instrument is specifically referenced on the evidence of other debt. If more than one person signs this Security Instrument, each Trustor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Trustor, or any one or more Trustor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

D. Performance of every obligation in this Security Instrument (including any subsequent instrument amending this Security Instrument) and any instrument now or later evidencing or securing any indebtedness secured by this Security Instrument.

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

5. **PAYMENTS.** Trustor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

6. **WARRANTY OF TITLE.** Trustor warrants that Trustor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Trustor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **PRIOR SECURITY INTERESTS.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Trustor agrees:
   A. To make all payments when due and to perform or comply with all covenants.

   B. To promptly deliver to Lender any notices that Trustor receives from the holder.

   C. Not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written consent.

8. **CLAIMS AGAINST TITLE.** Trustor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Trustor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Trustor's payment. Trustor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Trustor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Trustor may have against parties who supply labor or materials to maintain or improve the Property.

9. **DUE ON SALE OR ENCUMBRANCE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable. This covenant shall run with the Property and shall remain in effect until the Secured Debt is paid in full and this Security Instrument is released.

10. **PROPERTY CONDITION, ALTERATIONS AND INSPECTION.** Trustor will keep the Property in good condition and make all repairs that are reasonably necessary. Trustor shall not commit or allow any waste, impairment, or deterioration of the Property. Trustor will keep the Property free of noxious weeds and grasses. Trustor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Trustor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Trustor will notify Lender of all demands, proceedings, claims, and actions against Trustor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Trustor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Trustor will in no way rely on Lender's inspection.

11. **AUTHORITY TO PERFORM.** If Trustor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Trustor appoints Lender as attorney in fact to sign Trustor's name or pay any amount necessary for performance. Lender's right to perform for Trustor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP®-C165(CA) (0605)

other rights under the law or this Security Instrument. If any construction on the Property is discontinued or not carried on in a reasonable manner, Lender may take all steps necessary to protect Lender's security interest in the Property, including completion of the construction.

12. **ASSIGNMENT OF LEASES AND RENTS.** Trustor irrevocably assigns, grants, and conveys, to Trustee, in trust for the benefit of Lender as additional security all the right, title and interest in the following (all referred to as Property): existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including any extensions, renewals, modifications or replacements (all referred to as Leases); and rents, issues and profits (all referred to as Rents). In the event any item listed as Leases or Rents is determined to be personal property, this Assignment will also be regarded as a security agreement. Trustor will promptly provide Lender with copies of the Leases and will certify these Leases are true and correct copies. The existing Leases will be provided on execution of the Assignment, and all future Leases and any other information with respect to these Leases will be provided immediately after they are executed. Trustor may collect, receive, enjoy and use the Rents so long as Trustor is not in default.

Upon default, Trustor will receive any Rents in trust for Lender and will not commingle the Rents with any other funds. Trustor agrees that this Security Instrument is immediately effective between Trustor and Lender and effective as to third parties on the recording of this Assignment. This Security Instrument will remain effective during any statutory redemption period until the Secured Debts are satisfied. As long as this Assignment is in effect, Trustor warrants and represents that no default exists under the Leases, and the parties subject to the Leases have not violated any applicable law on leases, licenses and landlords and tenants.

13. **LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS.** Trustor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Trustor will perform all of Trustor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

14. **DEFAULT.** Trustor will be in default if any party obligated on the Secured Debt fails to make payment when due. Trustor will be in default if a breach occurs under the terms of this Security Instrument or any other document executed for the purpose of creating, securing or guarantying the Secured Debt. A good faith belief by Lender that Lender at any time is insecure with respect to any person or entity obligated on the Secured Debt or that the prospect of any payment or the value of the Property is impaired shall also constitute an event of default.

15. **REMEDIES ON DEFAULT.** In some instances, federal and state law will require Lender to provide Trustor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Trustor is in default.

At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. In addition, Lender shall be entitled to all the remedies provided by law, the terms of the Secured Debt, this Security Instrument and any related documents, including without limitation, the power to sell the Property.

If Lender elects to foreclose by exercise of the power of sale, Lender will declare the entire Secured Debts due and payable by delivering to Trustee in this Security Instrument and any evidence of the Secured Debts, receipts and evidence of expenditures made and secured, as Trustee requires. When the legally prescribed time passes after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold at the time and place fixed in the notice of sale. Lender may rescind any notice of default at any time before the Property's sale. Rescission will occur when Lender executes and records a notice of rescission that cancels any prior notice of default and any related acceleration of the Secured Debts. Lender's rescission will not waive any default then existing or subsequently occurring or preclude Lender exercising its remedies, including the power of sale, at another time.

The Property can be sold as a whole or in separate parcels and in any order that Trustee decides. The Property will be sold to the highest bidder for cash in lawful money of the United States, payable at sale time. The Property can be sold to anyone, including Trustor, Trustee or Lender. Trustee may postpone the sale of any part of the Property by public announcement at the time and place of this sale and afterwards at the time fixed by the preceding postponement. Upon any sale of the Property, Trustee will make and deliver a special or limited warranty deed that conveys the property sold to the purchaser or purchasers. Under this special or limited warranty deed, Trustee will covenant that Trustee has not caused or allowed a lien or an encumbrance to burden the Property and that Trustee will specially warrant and defend the Property's title to the purchaser or purchasers at the sale against all lawful claims and demand of all persons claiming by, through or under Trustee. The deed's recital of facts will be conclusive proof of the truthfulness of these facts.

*(page 3 of 6)*

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP®-**C165(CA)** (0605)

The proceeds from the Property's sale will be applied to the sale expenses, Trustee's expenses, Lender's attorneys' fees due on Trustor's default, sums that Trustee or Lender paid for procuring a title search of the Property's title subsequent to the execution of this Security Instrument, all outstanding amounts due under this Security Instrument and the remainder to anyone legally entitled to the remaining amounts due.

All remedies are distinct, cumulative and not exclusive, and the Lender is entitled to all remedies provided at law or equity, whether or not expressly set forth. The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Trustor's default, Lender does not waive Lender's right to later consider the event a default if it continues or happens again.

16. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** Except when prohibited by law, Trustor agrees to pay all of Lender's expenses if Trustor breaches any covenant (including, but not limited to, advances and expenses as described in the AUTHORITY TO PERFORM and INSURANCE sections) in this Security Instrument. Trustor will also pay on demand any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Trustor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. This Security Instrument shall remain in effect until released. Trustor agrees to pay for any recordation costs of such release.

17. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Trustor represents, warrants and agrees that:

A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

B. Except as previously disclosed and acknowledged in writing to Lender, Trustor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

C. Trustor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Trustor shall take all necessary remedial action in accordance with any Environmental Law.

D. Trustor shall immediately notify Lender in writing as soon as Trustor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

18. **CONDEMNATION.** Trustor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Trustor authorizes Lender to intervene in Trustor's name in any of the above described actions or claims. Trustor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

19. **INSURANCE.** Trustor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debt. The insurance carrier providing the insurance shall be chosen by Trustor subject to Lender's approval, which shall not be unreasonably withheld. If Trustor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Trustor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Trustor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Trustor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Trustor.

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc.,  Form RE-DT-CA 2/9/2006
VMP®-**C165(CA)** (0605)

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Trustor. If the Property is acquired by Lender, Trustor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

20. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Trustor will not be required to pay to Lender funds for taxes and insurance in escrow.

21. **FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Trustor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Trustor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Trustor's obligations under this Security Instrument and Lender's lien status on the Property.

22. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Trustor signs this Security Instrument but does not sign an evidence of debt, Trustor does so only to mortgage Trustor's interest in the Property to secure payment of the Secured Debt and Trustor does not agree to be personally liable on the Secured Debt. Trustor agrees that Lender and any party to this Security Instrument may extend, modify or make any change in the terms of this Security Instrument or any evidence of debt without Trustor's consent. Such a change will not release Trustor from the terms of this Security Instrument. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Trustor and Lender.

23. **APPLICABLE LAW; SEVERABILITY; INTERPRETATION.** This Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located. This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

24. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

25. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one trustor will be deemed to be notice to all trustors. Lender and Trustor request that copies of any notice of default or notice of sale under a superior instrument be sent to Lender and Trustor at the addresses listed in the DATE AND PARTIES section.

26. **WAIVERS.** Except to the extent prohibited by law, Trustor waives all appraisement or marshalling of assets relating to the Property.

27. **STATEMENT OF OBLIGATION.** Lender may collect a fee not to exceed the maximum allowed by applicable law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

28. **SPOUSE'S SEPARATE PROPERTY.** Any Trustor who is a married person or registered domestic partner expressly agrees that recourse may be had against his or her separate property.

(page 5 of 6)

**29. OTHER TERMS.** If checked, the following are applicable to this Security Instrument:

☐ **Line of Credit.** The Secured Debt includes a revolving line of credit provision. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

☐ **Construction Loan.** This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.

☐ **Fixture Filing.** Trustor grants to Lender a security interest in all goods that Trustor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.

☐ **Riders.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
  ☐ Condominium Rider  ☐ Planned Unit Development Rider  ☐ Other ..............................

☐ **Additional Terms.**

**SIGNATURES:** By signing below, Trustor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Trustor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

.............................................................  9-25-06  .........................................................................

(Signature)                                    (Date)      (Signature)                             (Date)
**MICHAEL RUFFNER**

**ACKNOWLEDGMENT:**

(Individual) STATE OF *California* .................., COUNTY OF *Orange* ...................... } ss.
On this *25* day of *September 2006* before me *H. Thiesen*
a notary public, personally appeared *Michael Ruffner* ...........................................

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature  *H. Thiesen*

Name (typed or printed) *H. THEISEN*

(Seal)

My commission expires: *July 11, 2009*

---

### REQUEST FOR FULL RECONVEYANCE

To Trustee:

The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ........................................ County, State of California, in book ...................., page .......... of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: .............................................................................................................................

---

Assessor's Identification Number ................ - ................ - ................

© 1994 Wolters Kluwer Financial Services - Bankers Systems, Inc., Form RE-DT-CA 2/9/2006
VMP®-C165(CA) (0605)

# SIGNATURE ADDENDUM TO SECURITY INSTRUMENT

Definition: "Security Instrument." The Deed of Trust, Mortgage, Trust Deed, Deed to Secure Debt or Security Deed given to secure the debt to the Lender of the same date.

Mortgagor(s)/Borrower(s) on Security Instrument:      Property Address:
**MICHAEL RUFFNER**                                  **4829 CAMINO COSTADO**
                                                     **SAN CLEMENTE California 92673**

Lender:          National City Bank          Lender Reference Number:  **0004862493**

**ADDITIONAL SIGNATURES:** By signing below, Grantor(s) / Mortgagor(s) / Trustor(s) / Settlor(s) agrees to the terms and covenants contained in the Security Instrument and in any attachments. Grantors(s) / Mortgagor(s) / Trustor(s) / Settlor(s) also acknowledges receipt of a copy of the Security Instrument.

NON-APPLICANT SPOUSE, OR NON-APPLICANT
INDIVIDUAL WITH OWNERSHIP INTEREST IN PROPERTY: ADDITIONAL BORROWERS

_____  _____        _____  _____
WENDY RUFFNER                      Date                                                 Date

_____  _____        _____  _____
                                   Date                                                 Date

_____  _____
                                   Date

**ACKNOWLEDGMENT:**
STATE OF _California_ , COUNTY OF _Orange_ }ss.
On this _25_ day of _September 2006_ before me _H. Theisen_
a notary public, personally appeared _Wendy Ruffner_
_____
_____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal:

Signature _H. Theisen_
Name (typed or printed): _H. THEISEN_

(seal)                    My commission expires: _July 11, 2009_

SIGNADD1 (4/2006)

H. THEISEN
Commission # 1594593
Notary Public - California
Orange County
My Comm. Expires Jul 11, 2009

# EXHIBIT

PARCEL 1:

LOT(S) 50 OF TRACT NO. 15865, IN THE CITY OF SAN CLEMENTE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 802, PAGE(S) 18 TO 24 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR USE, INGRESS, EGRESS, ACCESS, MAINTENANCE, LANDSCAPE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT OR OTHER PURPOSES, ALL AS DESCRIBED AND/OR DEPICTED IN THE "SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS COMMUNITY ASSOCIATION (PHASE 4 OF LAS VEREDAS)" RECORDED NOVEMBER 20, 2000 AS INSTRUMENT NO. 20000632517 IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA (DECLARATION).

PARCEL 3:

A NON-EXCLUSIVE EASEMENT APPURTENANT TO SUCH LOT FOR INGRESS, EGRESS, ACCESS, USE AND ENJOYMENT ON, OVER AND ACROSS THE COMMON AREA WITHIN THE PROJECT, AS MORE PARTICULARLY DESCRIBED IN THE DECLARATION.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR INGRESS, EGRESS, ACCESS, MAINTENANCE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT AND OTHER PURPOSES, ALL AS DESCRIBED IN THAT CERTAIN "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS" RECORDED JUNE 9, 2000 AS INSTRUMENT NO. 2000-305450 AND THE FIRST AMENDMENT TO THE "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS" RECORDED ON SEPTEMBER 28, 2000, AS INSTRUMENT NO. 2000-515514, BOTH IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, AS SUCH MASTER DECLARATION MAY BE AMENDED, FROM TIME TO TIME (THE "MASTER DECLARATION").

MORTGAGEDEED_A

013964585610966

143

Recording Requested By:
_____

Prepared By: **PNC Bank N.A.**
    When Recorded Return To: Trinity
        **PAIGE MARTIN**    Trck
    Richmond Monroe Group
        PO Box 458   1500000004
    Kimberling City, MO 65686

CaseNbr:    **11133360**
Ref Number:    **4585610966**
Property Address:
**4829 CAMINO COSTADO**
**SAN CLEMENTE, CA 92673**
CA0-ADT        8/12/2010
NCC ID# 3099  DBI ID# 146112

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

9.00

\* $ R 0 0 0 7 0 5 2 6 6 4 $ \*
**2014000432263 8:00 am 10/24/14**
232 407 A32 F13    1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

This space for Recorder's use

Tp
Fi

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **6750 Miller Road, Brecksville OH 44141** does hereby grant, sell, assign, transfer and convey unto Trinity Financial Services, LLC whose address is 2618 San Miguel Dt. Ste 303 ✱ all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **NATIONAL CITY BANK** |
| Original Borrower(s): | **MICHAEL RUFFNER AND WENDY RUFFNER HUSBAND AND WIFE AS JOINT TENANTS** |
| Original Trustee: | **National City Bank** |
| Date of Deed of Trust: | **9/22/2006** ✱ Newport Beach, CA 92660 |
| Original Loan Amount: | **$172,385.00** |

Recorded in **Orange County, CA** on: **9/29/2006**, book **N/A**, page **N/A** and instrument number **2006000651011**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on **8/12/2010**

**PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK**

By: _____
**Ronald E. Rooney, President**

State of **SC**, County of **Lexington**

The foregoing instrument was acknowledged before me, a Notary Public, on **8/12/2010** by **Ronald E. Rooney, President** of **PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK** on behalf of the corporation.

Notary Public: **Frances Y. King**
My Commission Expires: **5/26/2020**

**FRANCES Y KING**
Notary Public
State of South Carolina
My Commission Expires 05/26/2020

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**



9.00
*$ R 0 0 0 8 6 2 1 1 5 1 $ *
**2016000395135** 2:50 pm 08/19/16
276 401 A32 F13    1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

**RECORDING REQUESTED BY:**
Trinity Financial Services

**When Recorded Return To:**
Trojan Capital Investments, LLC/Leah
Whitworth
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: 0002240000000416 / 3000000315

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #: 1500000004 / TS Ref #: 0001760000003710
CA/ORANGE

Assignment Prepared on: August 08, 2016

For Value Received, **Trinity Financial Services, LLC,**whose address is 2618 SAN MIGUEL DR., SUITE 303, NEWPORT BEACH, CA, 92660 **(herein "Assignor")** hereby grants, assigns and transfers to **Trojan Capital Investments, LLC,**whose address is 2618 SAN MIGUEL DR. STE 316, NEWPORT BEACH, CA, 92660 **(herein "Assignee")** all interest under that certain Deed of Trust dated 9/22/2006, in the amount of $172,385.00, executed by MICHAEL RUFFNER AND WENDY RUFFNER, HUSBAND AND WIFE AS JOINT TENANTS to NATIONAL CITY BANK and Recorded: 9/29/2006, Document #: 2006000651011 in ORANGE County, State of CALIFORNIA and all rights accrued or to accrue under said Deed of Trust.

Property Address: 4829 CAMINO COSTADO, SAN CLEMENTE, CA, 92673
Trinity Financial Services, LLC

On: _8-8-2016_
Signature: _Toni Eutsler_
Name:    Toni Eutsler
Title:    Vice President

State of MISSOURI
County of STONE

On _08/08/2016_, before me, Sharon Mitchell, a Notary Public in and for STONE in the State of MISSOURI, personally appeared Toni Eutsler, Vice President, Trinity Financial Services, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Sharon Mitchell_
Sharon Mitchell
Notary Expires: 8/2/2018 / #: 14001122

SHARON MITCHELL
My Commission Expires
August 2, 2018
Barry County
Commission #14001122

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

**CA/ORANGE**

# Exhibit 2

National City®

**FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity**
(Not to be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

1. **DEBTOR(S)**     MICHAEL RUFFNER

Date _____9/22/2006_____

Address     4829 CAMINO COSTADO
SAN CLEMENTE, California 92673

2. **DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. Property means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

3. **PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $_____172,385.00_____, which includes a prepaid finance charge of $_____328.00_____, plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of ____8.375____ %, payable as described in the payment schedule in the Disclosure Statement. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note. Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days. Accordingly, your payment history could affect the amount you will pay under this Note.

4. **PROPERTY.**     4829 CAMINO COSTADO
SAN CLEMENTE , California 92673

5. **DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

6. **LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFFERAL CHARGE; DOCUMENT REQUEST CHARGE.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be the greater of 10% of the unpaid monthly payment or $40. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge. This returned instrument charge will be $25. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred.     If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy. We will not charge you for documents we are required to provide you by law.

7. **INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and will be responsible for its loss or damage. **You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee:** (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law. You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law. All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property. If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense which we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note. You also assign to us any other insurance proceeds related to the Note or our interest in the Property. You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. Our mailing address for purposes of this Section is: P.O. Box 91596, Cleveland, OH 44101-0351. You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

8. **PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time. If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of ___0___ % of the principal balance at the time of prepayment or $___0.00___. You will only be charged this voluntary prepayment charge during the first ___0___ months of this Note. If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $_150.00_. No portion of the prepaid finance charge described in Section 3 will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

9. **SECURITY AGREEMENT.** To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan. If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts); and (d) substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest. You will defend at your expense our security interest in the Property. To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

10. **PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims. You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent. You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral. You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.

NHEFRN1 (07/03)



FRNOTE-MULTI-V1_1

**11.    DEFAULT AND REMEDIES.** If we in default under this Note (b) if you fail to m..... .ny payment or pay other amount owing under this Note when due; (b) you fail to keep any of your agreements under this Note or under any other agreement with us or our affiliates; (c) a bankruptcy petition is filed by or against you; (d) you have provided false or misleading information to us; (e) you die or are declared incompetent or incapacitated (f) the Property or any other property for which we or our affiliates possess a security interest is lost, stolen, destroyed, determined by us to be uninsurable for use, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings; or (g) you are in default on any obligation that is secured by a lien on the Property. If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following: (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable. You will pay us interest on this balance at the rate set forth in this Note including after default and acceleration and after any judgment; (bb) demand that you vacate the Property and make it available to us at a time which is reasonably convenient. You agree to comply with such demand; (cc) sell, lease, or otherwise dispose of the Property. Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note; (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U.S.C. 506 and applicable state law; and/or (ee) setoff any of your deposit accounts with us or our affiliates (except individual retirement accounts) without demand or notice.

**12.    PROPERTY CONDITION.** You agree that with respect to any Property: (a) it is free from all material defects, in proper operating order and fit for all intended purposes; (b) that our making this Loan was based in part upon the value and condition of them as represented by you; (c) we did not directly or indirectly offer, sell or provide it to you; and (e) we are not a seller, supplier, merchant or warrantor. **Accordingly, except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility.**

**13.    ADDITIONAL AGREEMENTS.** You agree that: (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent. We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent; (b) this Note is between you and us and except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party; (c) our rights and remedies in this Note are not exclusive; (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights; (e) the provisions of this Note are only to the extent permitted by applicable law. Any part of this Note which cannot be enforced will be void, but the remaining parts will remain in effect; (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note; (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party; (h) we can correct errors in this Note as provided in 15 U.S.C. 1640 upon notice to you even if they are contract terms and you agree to be bound by such corrections. Upon our request, you will promptly re-execute this Note to correct errors in the Note. You can change any term of this Note only in a writing signed by us; (i) the Bank is a national bank located in Ohio and Bank's decision to make this Loan to you was made in Ohio. Therefore, this Note shall be governed by and construed in accordance with (i) Federal laws and regulations including but not limited to 12 USC § 85 and (ii) the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles; (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements. An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original; (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records; (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address. Except as otherwise specified, all notices and payments to us must be sent to P.O. Box 5700, Cleveland, OH 44101-0570, or such other place as we may designate. Our failure or delay in providing you billing statements or other payment instructions will not relieve you of your obligations under this Note; (m) all payments must be in lawful money of the United States; (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that they are authorized to enter into and execute this Note; (o) we will not be responsible for any personal items in or on vacated Property. We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking possession and itemize such items. Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession; (p) we may accept late payments or partial payments without losing any of our rights. **If your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 6750 Miller Road, Brecksville, Ohio 44141, Locator No. 7107.** If your payment is made to any other address, we may accept the payment without losing any of our rights; (q) our application of your payments or other proceeds will be deemed reasonable unless another method is required by law, in which case that method will be deemed reasonable; (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns; (s) **except as otherwise prohibited by law, Bank may provide to others, including but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you. Also, Bank and its affiliates (collectively "National City") may share with each other all information about you for the purposes, among other things, of evaluating credit applications or offering products and services that National City believes may be of interest to you. Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) if you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI 49009. You must include your name, address, account number and social security number;** (t) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first cannot be changed subsequently; (u) we are authorized to sign on your behalf any document required to enforce our interests under this Note; (v) disclosures included in this Note but not required by law are not an admission or waiver of rights by us; (w) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason; (x) our typewritten name in Section 2 will constitute our signature for purposes of this Note; (y) we have an established business relationship with you, and unless otherwise prohibited by law, National City may contact you to offer you products and services that National City thinks may be of interest to you. Such contacts are not unsolicited, and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service; (z) you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law; (aa) all amounts owed under this Note will be without relief from valuation and appraisement laws; (bb) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations; and (cc) In this Note, the term "affiliates" means current and future affiliates of National City Bank, including, but not limited to, the following National City Corporation subsidiaries: National City Home Loan Services, Inc., First Franklin Financial Corporation, Madison Bank and Trust Company and National City Mortgage Co.

**14.    ADDITIONAL NOTICES.** The following notices are given by Bank only to the extent not inconsistent with 12 U.S.C. Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights). You acknowledge receipt of the following notices before becoming obligated. For purposes of the immediately following *Notice to Cosigner*, "bank" means us.

0004862493

You are being asked to guarantee this debt. Think carefully before you do. If the borrower does not pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

## NOTICE TO ALL SIGNERS

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. If you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, P.O. Box 94982, Cleveland, Ohio 44101, Attn: Credit Bureau Disputes, Locator 7113.

If the Property is located in California: Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

If the Property is located in Colorado: The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

If the Property is located in Florida: Florida Documentary Stamp Tax in the amount required by law has been paid or will be paid directly to the Department of Revenue, and Florida Documentary Stamps have been placed on the taxable instruments as required by Chapter 201, Florida Statutes.

If the Property is located in Iowa (this is a consumer credit transaction) or Kansas: NOTICE TO CONSUMER: 1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time and in accordance with law you will not be entitled to receive a refund of unearned charges. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

If the Property is located in Maryland: We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

If the Property is located in Minnesota: If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

If the Property is located in Missouri: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

If the Property is located in New York: YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

If the Property is located in North Dakota: THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.

If the Property is located in Oregon: NOTICE TO THE BORROWER: Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

If the Property is located in Texas: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

If the Property is located in Vermont: NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

If the Property is located in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU WILL NOT BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

NHEFRN3 (07/04)



FRNOTE-MULTI-V1_3

SIGNATURES. THIS IS A CONSUMER CREDIT TRANSACTION... REFERENCE. (1) DO NOT SIGN THIS
NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN.    (2) YOU ARE ENTITLED TO A
COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT.  BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU
HAVE READ AND RECEIVED A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE
1.  SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.

| **MICHAEL RUFFNER** | X_____ |
| Type or print name of Debtor | Debtor's signature |

| _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |

| _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |

| _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |

**FOR MICHIGAN GUARANTORS ONLY: Guaranty Agreement.**  For value received, you the undersigned guarantors jointly, severally and
unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note.
Upon default, we may proceed against any of you without first proceeding against any Debtor.  The liability of each of you will be primary and will not be
affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law.   Each of you voluntarily and knowingly
waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty.  Each of you agrees
to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty.  Each of you acknowledges that you have read and
agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

| _____ | X_____ |
| Type or print name of Guarantor | Guarantor's signature |

| _____ | X_____ |
| Type or print name of Guarantor | Guarantor's signature |

®2004 National City Corporation



FRNOTE-MULTI-V1_4

2U382122

# ALLONGE TO Installment Consumer Loan Security Agreement

PNC Account #:   4585610966

NCC ID #:   3099

DBI Account #:   146112

Case #   11845655

**Allonge to one certain Installment Consumer Loan Security Agreement Dated on or About:** 9/22/2006

and Executed by:   MICHAEL RUFFNER

**Primary Debtor**

With a Principal Amount of $   $172,385.00

Debtor Mailing Address:   4829 CAMINO COSTADO
SAN CLEMENTE, CA 92673

Pay to the order of:   **TRINITY FINANCIAL SERVICES, LLC**
Without Recourse

PNC Bank N.A., successor by merger to National City Bank

By: _____

Angela Venner, President

## ALLONGE TO THE NOTE

Loan Number:           1500000004
Document Reference #:   0001760000003701
Borrower:              MICHAEL RUFFNER
Date of Note:          9/22/2006
Loan Amount:           $172,385.00
Property Address:      4829 CAMINO COSTADO, SAN CLEMENTE, CA, 92673

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:
**Trojan Capital Investments, LLC**, Without recourse

**Trinity Financial Services, LLC**

Signature: _Toni Eutsler_
Name:      Toni Eutsler
Title:     Vice President

# Exhibit 3

**Fill in this information to identify your case:**

Debtor 1    Michael          Joseph          Ruffner
            First Name       Middle Name     Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  CENTRAL District of  CALIFORNIA

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

## Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1** Clear Recon Corp/sps

Creditor's Name

4375 Jutland Dr
Number    Street

San Diego CA 92117
City          State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    2012

**Describe the property that secures the claim:**    $ 0    $ 830000    $ 0

4829 Camino Costado, San Cleme

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    House With Sps Notice Of Defau

Last 4 digits of account number    4927

**2.2** Green Tree

Creditor's Name

P.o. Box 94710
Number    Street

Palatine IL 60094
City          State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☑ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    2010

**Describe the property that secures the claim:**    $ 177    $ 830000    $ 0

4829 Camino Costado, San Cleme

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    Second Trust Deed

Last 4 digits of account number    6423

**Add the dollar value of your entries in Column A on this page. Write that number here:**    $ 177

| Debtor 1 | Michael Joseph | | Ruffner | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 1:** | **Additional Page** | Column A | Column B | Column C |
|---|---|---|---|---|
| | After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Amount of claim<br>Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion<br>If any |

**2.3** Select Portfolio Servicing
Creditor's Name

Describe the property that secures the claim:

$ 1324587   $ 830000   $ 494587

**3815 S West Temple**
Number    Street

┌─────────────────────────────────┐
│ 4829 Camino Costado, San Cleme  │
└─────────────────────────────────┘

**Salt Lake City UT 84115**
City    State    ZIP Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) **Home Loan**

☐ Check if this claim relates to a community debt

Date debt was incurred **2006**    Last 4 digits of account number **4927**

---

**2.4** Trinity Financial Services, Ll
Creditor's Name

Describe the property that secures the claim:

$ 70000   $ 830000   $ 0

**Campus Street**
Number    Street

┌─────────────────────────────────┐
│ 4829 Camino Costado, San Cleme  │
└─────────────────────────────────┘

**Suite 290**

**Newport Beach CA 92660**
City    State    ZIP Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) **Second Loan On House**

☐ Check if this claim relates to a community debt

Date debt was incurred **2006**    Last 4 digits of account number **0004**

---

**2.5** Trojan Capital Investments, Ll
Creditor's Name

Describe the property that secures the claim:

$ 177500   $ 830000   $ 0

**1712 Pioneer Ave**
Number    Street

┌─────────────────────────────────┐
│ 4829 Camino Costado, San Cleme  │
└─────────────────────────────────┘

**Cheyenne WY 82001**
City    State    ZIP Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) **Second Trust Deed**

☐ Check if this claim relates to a community debt

Date debt was incurred **2006**    Last 4 digits of account number **1-17**

---

Add the dollar value of your entries in Column A on this page. Write that number here:   $ 1572087

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:   $ 1572264

# Exhibit 4

**OLD REPUBLIC** NATIONAL TITLE INSURANCE COMPANY

Guarantee No.: **TSG 08049795**

## TRUSTEE'S SALE GUARANTEE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE AND THE CONDITIONS ATTACHED HERETO AND MADE A PART OF THIS GUARANTEE,

**Old Republic National Title Insurance Company**, a Minnesota Corporation
herein called the Company

GUARANTEES
The Assured named in Schedule A of this Guarantee

against loss or damage not exceeding the liability amount stated in Schedule A sustained by the Assured by reason of any incorrectness in the assurances set forth in Paragraph 3 of Schedule A.

IN WITNESS WHEREOF, Old Republic National Title Insurance Company has caused this Guarantee to be signed and sealed by its duly authorized officers as of the Date of Guarantee.

**Pacific Coast Title Company**
1111 E. Katella Ave, #150
Orange, CA 92867
(714) 516-6791
Title Officer: **Kevin Cameron**
Order No.: **95311191-55**

**Old Republic National Title Insurance Company**

By _____  President

Attest _____  Secretary

BY _____
Authorized Signatory

CLTA Guarantee Form No. 22 (06-05-14) - Trustee's Sale Guarantee
©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## SCHEDULE A

### TRUSTEE'S SALE GUARANTEE

Customer Reference: **CA01000071-17**
Guarantee No.:        **TSG 08049795**
Order No.:            **95311191**
Amount of Liability:  **$172,916.74**
Fee:                  **$ 450.00**
Date of Guarantee:    **July 13, 2017** at **8:46am**


1.  Name of Assured:

    **SPECIAL DEFAULT SERVICES, INC., AS TRUSTEE, AND**

    **TROJAN CAPITAL INVESTMENTS, LLC, AS BENEFICIARY**

2.  The estate or interest in the Land that is the subject of this Guarantee is:

    **A FEE as to Parcel 1;**
    **AN EASEMENT more fully described below as to PARCEL 2, 3 AND 4**

3.  Assurances

    According to the Public Records as of the Date of Guarantee,

    a.    Title to the estate or interest is vested in:

    **MICHAEL RUFFNER, AN INDIVIDUAL, SUBJECT TO ITEM NO. 28**

    b.    Title to the estate or interest is subject to defects, liens or encumbrances shown in Schedule B which are not necessarily shown in the order of their priority.

    c.    The land referred to in this Guarantee is situated in the State of **CALIFORNIA**, County of **ORANGE**, and is described as follows:

    **See Exhibit "A" attached hereto and made a part hereof.**

    d.    **Relative to the Deed of Trust shown as Exception No. 4 of this Guarantee:**

i.    For the purposes of California Civil Code Sections 2924b (b) and (d) the address of the trustor or mortgagor as shown in the Mortgage is:

**MICHAEL RUFFNER**
**4829 CAMINO COSTADO**
**SAN CLEMENTE, CA 92673**


**WENDY RUFFNER**
**4829 CAMINO COSTADO**
**SAN CLEMENTE, CA 92673**

CLTA Guarantee Form No. 22 (06-05-14) - Trustee's Sale Guarantee
©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795
Customer Reference: CA01000071-17

## SCHEDULE A *(continued)*

ii.   The names and addresses of all persons who have recorded requests for a copy of notice of default and for a copy of notice of sale as provided by California Civil Code Sections 2924b (a), (b) and (d) are:

**NONE**

iii.   The names and addresses of all additional persons who are entitled to receive a copy of notice of default and a copy of notice of sale as provided by California Civil Code Sections 2924b (c) (1), (2) and (3) are:

**MICHAEL RUFFNER**
**2414 CALLE AQUAMARINA**
**SAN CLEMENTE, CA 92673**
**VESTING**

**FORSTER HIGHLANDS COMMUNITY ASSOCIATION**
**C/O PROFESSIONAL COMMUNITY MANAGEMENT**
**23726 BIRTCHER DRIVE**
**LAKE FOREST, CA 92630-1771**
**ITEM 8**

**JAY TWITTY AND AMY TWITTY**
**C/O LAW OFFICES OF ANDREW A. SMITS**
**36 EXECUTIVE PARK, SUITE 160**
**IRVINE, CA 92614-4794**
**ITEM 12, 13, 16**

**WENDY RUFFNER**
**C/O STEVEN ELDRED LEAD ATTORNEY**
**ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES**
**1055 N MAIN ST**
**SANTA ANA, CA 92702-2099**
**ITEM 18**

**FORSTER HIGHLANDS COMMUNITY ASSOCIATION**
**C/O SILLDORF & LEVINE, LLP**
**5060 SHOREHAM PLACE, SUITE 115**
**SAN DIEGO, CA 92122**
**ITEM 20, 28**

**FORSTER HIGHLANDS COMMUNITY ASSOCIATION**
**9060 IRVINE CENTER DRIVE, SUITE 200**
**IRVINE, CA 92618**
**ITEM 20, 28**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Case 8:17-bk-14421-ES   Doc 10   Filed 11/28/17   Entered 11/28/17 16:20:37   Desc
Main Document   Page 37 of 58   Customer Reference: CA01000071-17

## SCHEDULE A *(continued)*

**FORSTER HIGHLANDS COMMUNITY ASSOCIATION**
**4829 CAMINO COSTADO**
**SAN CLEMENTE, CA 92673**
**ITEM 28**


**FORSTER HIGHLANDS COMMUNITY ASSOCIATION**
**C/O SILLDORF LAW, LLP**
**5060 SHOREHAM PLACE, SUITE 115**
**SAN DIEGO, CA 92122**
**ITEM 28**

iv.   The names and addresses of all associations defined in California Civil Code Sections 4080 or 6528 that have recorded a request for notice that are entitled to receive a copy of any trustee's deed upon sale as provided by California Civil Code Section 2924b (f) are:

**NONE**

v.   The names and addresses of all state taxing agencies that are entitled to receive a copy of notice of sale as provided by California Civil Code Section 2924b (c) (3) are:

**STATE OF CALIFORNIA**
**FRANCHISE TAX BOARD**
**SPECIAL PROCEDURES SECTION**
**PO BOX 2952**
**SACRAMENTO, CA 95812-2952**
**ITEM 9**

vi.   The address of the Internal Revenue Service to which a copy of notice of sale is to be mailed as provided by California Civil Code Section 2924b (c) (4) is:

**NONE**

vii.   **CITY in which said land is located:  SAN CLEMENTE**

viii.   The name of a newspaper of general circulation for the publication of a notice of sale as required by California Civil Code Section 2924f (b) (1) is:

**Publication Name:**        **SAN CLEMENTE SUN POST NEWS**
**95 AVENIDA DEL MAR**
**SAN CLEMENTE, CA 92672**
**949-492-5122**


**Published:**        **TUESDAY, THURSDAY, SATURDAY**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference: CA01000071-17

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF **CALIFORNIA,** COUNTY OF **ORANGE**, AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**

**LOT(S) 50 OF TRACT NO. 15865, IN THE CITY OF SAN CLEMENTE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 802, PAGE(S) 18 TO 24 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.**

**PARCEL 2:**

**NON-EXCLUSIVE EASEMENTS FOR USE,INGRESS, EGRESS, ACCESS, MAINTENANCE, LANDSCAPE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT OR OTHER PURPOSES, ALL AS DESCRIBED AND/OR DEPICTED IN THE "SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS COMMUNITY ASSOCIATION (PHASE 4 OF LAS VEREDAS)" RECORDED NOVEMBER 20, 2000 AS INSTRUMENT NO. 20000632517 IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA (DECLARATION).**

**PARCEL 3:**

**A NON-EXCLUSIVE EASEMENT APPURTENANT TO SUCH LOT FOR INGRESS, EGRESS, ACCESS, USE AND ENJOYMENT ON, OVER AND ACROSS THE COMMON AREA WITHIN THE PROJECT, AS MORE PARTICULARLY DESCRIBED IN THE DECLARATION.**

**PARCEL 4:**

**NON-EXCLUSIVE EASEMENTS FOR INGRESS, EGRESS, ACCESS, MAINTENANCE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT AND OTHER PURPOSES, ALL AS DESCRIBED IN THAT CERTAIN "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS" RECORDED JUNE 9, 2000 ASINSTRUMENT NO. 2000-305450 AND THE FIRST AMENDMENT TO THE "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR FORSTER HIGHLANDS" RECORDED ON SEPTEMBER 28, 2000, AS INSTRUMENT NO. 2000-515514, BOTH IN THE OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, AS SUCH MASTER DECLARATION MAY BE AMENDED, FROM TIME TO TIME (THE "MASTER DECLARATION").**

**Assessor's Parcel Number: 678-144-15**

Order No.: 95311191                                                                    Customer Reference: CA01000071-17
Guarantee No.: TSG 08049795

**SCHEDULE B**

**EXCEPTIONS:**

A.    **Property Taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal
year 2016-2017 Assessor's Parcel Number 678-144-15.

| | |
|---|---|
| Code Area: | 10-001 |
| 1st Installment: | $4,992.06 PAID |
| 2nd Installment: | $4,992.06 PAID |
| Land: | $410,000.00 |
| Improvements: | $478,022.00 |
| Exemption: | $0.00 HOMEOWNERS |

B.    **An assessment** by the improvement district shown below

| | |
|---|---|
| Assessment (or Bond) No.: | M5060 |
| Series: | 1915 ACT |
| District: | SAN CLEMENTE |
| For: | 1915 AD BOND M5 |
| Bond issued: | |
| Original Amount: | $977.72 |

Said assessment is collected with the county/city property taxes.

C.    **The lien of supplemental taxes**, if any, assessed pursuant to the provisions of Chapter 3.5 (Commencing with
Section 75) of the Revenue and Taxation Code of the State of California.

1.    **Assessments**, if any, for Community Facility Districts affecting said Land which may exist by virtue of
Assessment Maps or Notices filed by said Districts.

A.    Any unpaid and/or delinquent Bond or Assessment amounts which may have been removed from the rolls of
the County Tax Assessor and which may have been removed from tax bills and tax default redemption amounts.

2.    **Covenants, conditions and restrictions** in instruments of record in said county and any amendments,
modifications or annexations thereto, which provide that a violation thereof shall not defeat or render invalid the
lien of any first mortgage or deed of trust made in good faith and for value, but omitting any covenants or
restrictions, if any, based upon race, color, religion, sex, sexual orientation, familial status, marital status,
disability, handicap, national origin, ancestry or source of income, as set forth in the applicable state or federal
laws, except to the extent that said covenants or restrictions are permitted by applicable law.

**Easements or servitudes** as they appear on maps or in documents recorded in the Public Records of said
county.

**Leases, grants, exceptions or reservations** of mineral rights appearing in the Public Records of said county.

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All
other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191                                                                                       Customer Reference: CA01000071-17
Guarantee No.: TSG 08049795

### SCHEDULE B (continued)

**EXCEPTIONS** (continued)**:**

3.    **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured
thereby

| | |
|---|---|
| Amount: | $862,500.00 |
| Dated: | 09/25/2006 |
| Trustor: | MICHAEL RUFFNER AND WENDY RUFFNER, HUSBAND AND WIFE, AS JOINT TENANTS |
| Trustee: | COMMONWEALTH LAND TITLE |
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) SOLELY AS NOMINEE FOR LENDER |
| Lender: | AEGIS WHOLESALE CORPORATION |
| Recorded: | September 29, 2006 AS INSTRUMENT NO. 2006000651010 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| Assignee: | WELLS FARGO BANK, N.A. AS TRUSTEE ON BEHALF OF THE HARBORVIEW 2006-12 TRUST FUND |
| Recorded: | December 30, 2009 AS INSTRUMENT NO. 2009000697964 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| Assignee: | BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP |
| Recorded: | August 17, 2011 AS INSTRUMENT NO. 2011000405524 OF OFFICIAL RECORDS |

A Substitution of Trustee under said deed of trust which names as the substituted trustee, the following

| | |
|---|---|
| Trustee: | CLEAR RECON CORP. |
| Recorded: | November 17, 2016 AS INSTRUMENT NO. 2016000583275 OF OFFICIAL RECORDS |

4.    **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured
thereby

| | |
|---|---|
| Amount: | $172,385.00 |
| Dated: | 09/22/2006 |
| Trustor: | MICHAEL RUFFNER AND WENDY RUFFNER, HUSBAND AND WIFE AS JOINT TENANTS |
| Trustee: | NATIONAL CITY BANK |
| Beneficiary: | NATIONAL CITY BANK |
| Recorded: | September 29, 2006 AS INSTRUMENT NO. 2006000651011 OF OFFICIAL RECORDS |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK |
| Assignee: | TRINITY FINANCIAL SERVICES, LLC |
| Recorded: | October 24, 2014 AS INSTRUMENT NO. 2014000432263 OF OFFICIAL RECORDS |

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference: CA01000071-17

**SCHEDULE B** (continued)

**EXCEPTIONS** (continued)**:**

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignor: | TRINITY FINANCIAL SERVICES, LLC |
| Assignee: | TROJAN CAPITAL INVESTMENTS, LLC |
| Recorded: | August 19, 2016 AS INSTRUMENT NO. 2016000395135 OF OFFICIAL RECORDS |

A Substitution of Trustee under said deed of trust which names as the substituted trustee, the following

| | |
|---|---|
| Trustee: | SPECIAL DEFAULT SERVICES, INC. |
| Recorded: | July 13, 2017 AS INSTRUMENT NO. 2017000287933 OF OFFICIAL RECORDS |

A Notice of Default under the terms of said deed of trust

| | |
|---|---|
| Executed by: | SPECIAL DEFAULT SERVICES, INC. |
| Recorded: | July 13, 2017 AS INSTRUMENT NO. 2017000287934 OF OFFICIAL RECORDS |

5.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $22,841.00 |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | JACK BATTAGLIA |
| Date Entered: | 06/25/2007 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 06CC12238 |
| Recorded: | October 19, 2007 AS INSTRUMENT NO. 2007000641489 OF OFFICIAL RECORDS |

6.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $3,624.15 |
| Debtor: | MICHAEL JOSEPH RUFFNER, ILLEGALLY DBA: PACIFICA DESIGN, ILLEGALLY DBA: PACIFICA STONE & TILE; WENDY ANN WERNER-RUFFNER |
| Creditor: | PARSODA USA, INC., DBA: PACIFICA WHOLESALE TILE & STONE |
| Date Entered: | 12/26/2007 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2007-00016943-SC-NJC |
| Recorded: | July 14, 2008 AS INSTRUMENT NO. 2008000334089 OF OFFICIAL RECORDS |

7.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $59,885.30 |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | DANIEL M. COLLINS |
| Date Entered: | 03/20/2007 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 06CC03275 |
| Recorded: | December 18, 2008 AS INSTRUMENT NO. 2008000580327 OF OFFICIAL RECORDS |

8.    **Notice of Delinquent Assessments and Lien** payable to the Owners' Association pursuant to declarations of record.

| | |
|---|---|
| Amount: | $1,675.51 |
| Owners Association: | FORSTER HIGHLANDS COMMUNITY ASSOCIATION |
| Recorded: | January 07, 2009 AS INSTRUMENT NO. 2009000005891 OF OFFICIAL RECORDS |

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference: CA01000071-17

## SCHEDULE B (continued)

**EXCEPTIONS** (continued)**:**

9.      **A tax lien** for the amount shown and any other amounts due, in favor of the State of CALIFORNIA.

| | |
|---|---|
| Amount: | $11,344.11 |
| Filed By: | FRANCHISE TAX BOARD |
| Taxpayer: | MICHAEL J RUFFNER |
| Certificate No.: | 09057751555 |
| Recorded: | March 03, 2009 AS INSTRUMENT NO. 2009000097283 OF OFFICIAL RECORDS |

10.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $3,572.42 |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | FORD MOTOR CREDIT COMPANY LLC |
| Date Entered: | 09/30/2009 |
| County: | LOS ANGELES |
| Court: | SUPERIOR |
| Case No.: | 09C01525 |
| Recorded: | November 06, 2009 AS INSTRUMENT NO. 2009000606519 OF OFFICIAL RECORDS |

11.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $12,750.54 |
| Debtor: | MICHAEL J. RUFFNER |
| Creditor: | WHITE & WHITLEY GROUP, LLC A LIMITED LIABILITY COMPANY |
| Date Entered: | 10/15/2010 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2010-00388179 |
| Recorded: | December 10, 2010 AS INSTRUMENT NO. 2010000667240 OF OFFICIAL RECORDS |

12.     **An attachment** issued by the court, as set out below:

| | |
|---|---|
| Plaintiff: | JAY TWITTY AND AMY TWITTY |
| Defendant: | MICHAEL JOSEPH RUFFNER, ET AL. |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2010-00405912 |
| Recorded: | October 07, 2010 AS INSTRUMENT NO. 2010000507706 OF OFFICIAL RECORDS |

13.     **An attachment** issued by the court, as set out below:

| | |
|---|---|
| Plaintiff: | JAY TWITTY AND AMY TWITTY |
| Defendant: | MICHAEL JOSEPH RUFFNER, ET AL. |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2010-00405912 |
| Recorded: | October 07, 2010 AS INSTRUMENT NO. 2010000507707 OF OFFICIAL RECORDS |

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference: CA01000071-17

## SCHEDULE B *(continued)*

**EXCEPTIONS** *(continued)*:

14.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $7,607.39 |
| Debtor: | MICHAEL RUFFNER; WENDY RUFFNER |
| Creditor: | FORSTER HIGHLANDS COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT, MUTUAL BENEFIT CORPORATION |
| Date Entered: | 04/07/2010 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2009-00262616 |
| Recorded: | January 25, 2012 AS INSTRUMENT NO. 2012000043118 OF OFFICIAL RECORDS |

15.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $59,885.30 |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | JUDGMENT RECOVERY ASSISTANCE, LLC |
| Date Entered: | 03/20/2007 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 06CC03275 |
| Recorded: | October 07, 2011 AS INSTRUMENT NO. 2011000501306 OF OFFICIAL RECORDS |

Said judgment lien has been extended  years from the filed date shown below as evidenced by a certified copy of Application for Renewal:

| | |
|---|---|
| Filed Date: | 06/25/2014 |
| Amount: | $103,793.66 |
| Recorded: | December 04, 2014 AS INSTRUMENT NO. 2014000523223 OF OFFICIAL RECORDS |

16.    **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $64,551.28 |
| Debtor: | MICHAEL JOSEPH RUFFNER |
| Creditor: | JAY TWITTY |
| Date Entered: | 12/30/2011 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2010-00405912-CU-BT-CJC |
| Recorded: | February 15, 2012 AS INSTRUMENT NO. 2012000087532 OF OFFICIAL RECORDS |

Said judgment lien has been extended  years from the filed date shown below as evidenced by a certified copy of Application for Renewal:

| | |
|---|---|
| Filed Date: | 06/16/2015 |
| Amount: | $86,849.14 |
| Recorded: | July 02, 2015 AS INSTRUMENT NO. 2015000346476 OF OFFICIAL RECORDS |

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191                                                                   Customer Reference: CA01000071-17
Guarantee No.: TSG 08049795

## SCHEDULE B *(continued)*

**EXCEPTIONS** *(continued)*:

17.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $10,110.00 |
| Debtor: | ROBERT A. & GRISELDA O. BRUNETTE |
| Creditor: | ROBERT A. BRUNETTE |
| Date Entered: | 04/17/2012 |
| County: | LOS ANGELES |
| Court: | SUPERIOR |
| Case No.: | 12S00571 |
| Recorded: | September 18, 2012 AS INSTRUMENT NO. 2012000545533 OF OFFICIAL RECORDS |

18.     **A court order for installment payments** of spousal and/or child support, to be made by:

| | |
|---|---|
| Debtor: | WENDY RUFFNER |
| Creditor: | ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 09D001047 |
| Recorded: | October 03, 2013 AS INSTRUMENT NO. 2013000567277 OF OFFICIAL RECORDS |

19.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $31,547.09 |
| Debtor: | CALIFORNIA RETAIL MAINTENANCE, INC.; MICHAEL JOSEPH RUFFNER |
| Creditor: | QUALITY SOUND COMMUNICATIONS, INC. D/B/A TELCOM BROKERS |
| Date Entered: | 12/30/2013 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2013-00679649-CL-CJC |
| Recorded: | March 12, 2014 AS INSTRUMENT NO. 2014000094034 OF OFFICIAL RECORDS |

20.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $27,142.28 |
| Debtor: | MICHAEL RUFFNER; WENDY RUFFNER |
| Creditor: | FORSTER HIGHLANDS COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT CORPORATION |
| Date Entered: | 01/22/2016 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | 30-2014-00748139-CL-CL-CJC |
| Recorded: | NOVEMBER 08, 2016 AS INSTRUMENT NO. 2016000552521 OF OFFICIAL RECORDS |

21.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | ERIC W C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017363 OF OFFICIAL RECORDS |

---

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## SCHEDULE B *(continued)*

**EXCEPTIONS** *(continued)***:**

22.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | SCOTT M C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017364 OF OFFICIAL RECORDS |

23.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | JEFFREY LM C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017365 OF OFFICIAL RECORDS |

24.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | KEVIN & DONNA T C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017366 OF OFFICIAL RECORDS |

25.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | STEVEN S C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017367 OF OFFICIAL RECORDS |

26.     **An abstract of judgment** for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $(NOT SET OUT) |
| Debtor: | MICHAEL RUFFNER |
| Creditor: | SCOTT B C/O COUNTY OF ORANGE |
| Date Entered: | 01/04/2017 |
| County: | ORANGE |
| Court: | SUPERIOR |
| Case No.: | A-373825 |
| Recorded: | January 13, 2017 AS INSTRUMENT NO. 2017000017368 OF OFFICIAL RECORDS |

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191                                                                      Customer Reference:  CA01000071-17
Guarantee No.: TSG 08049795

## SCHEDULE B (continued)

**EXCEPTIONS** (continued)**:**

27.     **An abstract of judgment** for the amount shown below and any other amounts due:

|               |                                                                       |
|---------------|-----------------------------------------------------------------------|
| Amount:       | $(NOT SET OUT)                                                         |
| Debtor:       | MICHAEL RUFFNER                                                        |
| Creditor:     | DAVID S C/O COUNTY OF ORANGE                                           |
| Date Entered: | 01/04/2017                                                             |
| County:       | ORANGE                                                                 |
| Court:        | SUPERIOR                                                               |
| Case No.:     | A-373825                                                               |
| Recorded:     | January 13, 2017 AS INSTRUMENT NO. 2017000017369 OF OFFICIAL RECORDS   |

28.     A WRIT OF SALE LEVIED UPON THE INTEREST OF THE JUDGMENT DEBTOR IN THE COURT CASE SHOWN
BELOW
DEBTOR: MICHAEL RUFFNER AND WENDY RUFFNER
CREDITOR: FORSTER HIGHLANDS COMMUNITY ASSOCIATION
DATE ENTERED:  MARCH 6, 2017
COUNTY: ORANGE
COURT: SUPERIOR COURT OF CALIFORNIA
CASE NO.:  30-2014-00748139-CL-CL-CJC
AMOUNT: $30,589.58
RECORDED: MAY 1, 2017 AS INSTRUMENT NO. 2017000174750, OFFICIAL RECORDS

29.     **Any bankruptcy** proceeding that is not disclosed by the acts that would afford notice as to said Land, pursuant
to Title 11 U.S.C. 549 (C) of the Bankruptcy Reform Act of 1978, as amended.

30.     **The latest tax bill** from ORANGE County Tax Collector shows the situs address of said land as **4829 CAMINO
COSTADO, SAN CLEMENTE, CALIFORNIA**, the Tax Rate Number as 10-001 and the Parcel Number as **678-
144-15**.

---

## END OF EXCEPTIONS

---

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All
other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference: CA01000071-17

## EXCLUSIONS FROM COVERAGE

1.  Except to the extent of the assurances set forth in Paragraph 3 of Schedule A, the Company assumes no liability for loss or damage by reason of any law, ordinance, governmental regulation or any other police power adopted or promulgated by any federal or state government authority purporting to regulate nonjudicial foreclosures or any related duties, whether or not disclosed by the Public Records at the Date of Guarantee.

2.  Notwithstanding any assurances set forth in Paragraph 3 of Schedule A, the Company assumes no liability for loss or damage by reason of the following:

    a.  Defects, liens, encumbrances, adverse claims or other matters affecting the title to any property beyond the lines of the Land expressly described in the description set forth in Schedule A of this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways to which such Land abuts, or the right to maintain therein vaults, tunnels, ramps or any structure or improvements; or any rights or easements therein, unless such property, rights or easements are expressly and specifically set forth in said description.

    b.  Defects, liens, encumbrances, adverse claims or other matters, whether or not shown by the Public Records (1) that are created, suffered, assumed or agreed to by one or more of the Assureds; (2) that result in no loss to the Assured; or (3) that do not result either in the invalidity of any nonjudicial proceeding to foreclose the lien of the Mortgage or the failure of any such nonjudicial foreclosure proceeding to divest a lien, estate or interest subordinate or subject to the lien of the Mortgage.

    c.  Defects, liens, encumbrances, adverse claims or other matters against the title, not shown by the Public Records.

    d.  The identity of any party shown or referred to in Schedule A.

    e.  The validity, legal effect or priority of any matter shown or referred to in this Guarantee.

    f.  Any law, ordinance, governmental regulation or any other police power adopted or promulgated by any county, city, or any other local government authority purporting to regulate nonjudicial foreclosures or any related duties, whether or not disclosed by the Public Records at the Date of Guarantee.

    g.  (1) Taxes or assessments of any taxing authority that levies taxes or assessments on real property; or, (2) proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not the matters excluded under (1) or (2) are shown by the records of the taxing authority or by the Public Records.

    h.  (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights, claims or title to water, whether or not the matters excluded under (1), (2) or (3) are shown by the Public Records.

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## INFORMATIONAL NOTES

No assurances as set forth in Paragraph 3 of Schedule A are provided in connection with the following information and the Company assumes no liability for any inaccuracies in or omissions from the information. This information is not intended to be comprehensive and does not necessarily include all laws and regulations that might affect the contemplated foreclosure.

1.  Attention is called to Article I commencing with California Civil Code Sections 2920 et. seq, of Chapter 2, Title 14, Part 4, Division 3, that govern the actions of mortgagees, beneficiaries, mortgage servicers, trustees, and their agents with respect to non-judicial foreclosures.

2.  Attention is called to the Servicemembers Civil Relief Act (Appendix 50 USC Sections 501 et seq.), the Military Reservist Relief Act of 1991 (California Military and Veterans Code Sections 800 et seq.), and Military and Veterans Code Section 408, that contain restrictions against the sale of land under a deed of trust or mortgage if the owner is entitled to the benefits of those laws.

3.  Attention is called to the Federal Tax Lien Act of 1966 (26 USC Sections 6321 et seq.), that, among other things, provides for the giving of written notice of sale in a specified manner to the Secretary of Treasury or his or her delegate as a requirement for the discharge or divestment of a Federal Tax Lien in a nonjudicial sale, and establishes with respect to that lien a right in the United States to redeem the property within a period of 120 days from the date of the sale.

4.  Attention is called to California Government Code Section 16187, that, among other things, provides for the giving of written notice of sale in a specified manner to the Controller of the State of California necessary for the discharge or divestment in a nonjudicial sale of a Notice of Lien for Postponed Property Taxes recorded in the public records subsequent to the recording of a notice of default.

5.  The names and addresses of the persons disclosed by the records examined, other than those to whom 'notice' is required by Section 2924b of the California Civil Code, who might be interested in receiving a copy of any recorded Notice of Default or a copy of any recorded Notice of Sale are:

    **JACK BATTAGLIA
    C/O CHAD T-W PRATT & ASSOCIATES
    30 N RAYMOND AVE PENTHOUSE SUIE
    PASADENA, CA 91103
    ITEM 5**

    **JACK BATTAGLIA
    2416 CALLE AQUAMARINE
    SAN CLEMENTE, CA 92673
    ITEM 5**

    **PARSODA USA, INC.
    DBA: PACIFICA WHOLESALE TILE & STONE
    26895 ALISO CREEK ROAD, #B655
    ALISO VIEJO, CA 92656
    ITEM 6**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## INFORMATIONAL NOTES *(continued)*

**DANIEL M. COLLINS
C/O LAW OFFICE OF MICHAEL G. NUTTER
2021 EAST FOURTH STREET, SUITE 200
SANTA ANA, CA 92705
ITEM 7**


**FORD MOTOR CREDIT COMPANY LLC
3636 BIRCH ST, STE 290
NEWPORT BEACH, CA 92660
ITEM 10**


**WHITE & WHITLEY GROUP, LLC
8581 SANTA MONICA BLVD., #17
LOS ANGELES, CA 90069
ITEM 11**


**JUDGMENT RECOVERY ASSISTANCE, LLC
92 CORPORATE PARK, SUITE C-220
IRVINE, CA 92606
ITEM 14**


**FORSTER HIGHLANDS COMMUNITY ASSOCIATION
C/O MARIA MAHECHA
ATTORNEY AT LAW
92 CORPORATE PARK, SUITE C-220
IRVINE, CA 92606
ITEM 14**


**DANIEL M. COLLINS
C/O JUDGMENT RECOVERY ASSISTANCE, LLC
92 CORPORATE PARK, SUITE C-220
IRVINE, CA 92606
ITEM 15**


**ROBERT A. & GRISELDA O. BRUNETTE
C/O ROBERT A. BRUNETTE
4443 CHEVY CHASE DRIVE
LA CANADA, CA 91011
ITEM 17**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## INFORMATIONAL NOTES *(continued)*

**QUALITY SOUND COMMUNICATIONS, INC.**
**D/B/A TELCOM BROKERS**
**C/O R. H. DEWBERRY**
**20271 SW BIRCH ST.**
**NEWPORT BEACH, CA 92660**
**ITEM 19**

**COUNTY OF ORANGE**
**C/O ACCOUNTING UNIT**
**P.O.BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 21, 22, 23, 24, 25, 26**

**ERIC W**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 21**

**SCOTT M**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 22**

**JEFFREY L**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 23**

**KEVIN & DONNA T**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 24**

**STEVEN S**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 25**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795

Customer Reference:  CA01000071-17

## INFORMATIONAL NOTES *(continued)*

**SCOTT B**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 26**

**DAVID S**
**C/O COUNTY OF ORANGE**
**P.O. BOX 10260**
**SANTA ANA, CA 92711**
**ITEM 27**

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## TRUSTEE'S SALE GUARANTEE CONDITIONS

## 1.    DEFINITION OF TERMS

The following terms when used in the Guarantee mean:

a.    **The Assured**: (i) the party or parties named as the Assured in Schedule A, or on a supplemental writing executed by the Company, (ii) the duly substituted trustee of the Mortgage and (iii) the owner of the indebtedness or other obligation secured by the Mortgage.

b.    **Land**: the land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "Land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.

c.    **Mortgage**: the mortgage, deed of trust, trust deed, or other security instrument set forth in Paragraph 3.d. of Schedule A.

d.    **Public Records**: those records established under California statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge.

e.    **Date of Guarantee**: the Date of Guarantee set forth in Schedule A.

## 2.    NOTICE OF CLAIM TO BE GIVEN BY ASSURED

The Assured shall notify the Company promptly in writing in case knowledge shall come to the Assured of any assertion of facts, or claims of title or interest that are contrary to the assurances set forth in Paragraph 3 of Schedule A and that might cause loss or damage for which the Company may be liable under this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of the Assured under this Guarantee unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

## 3.    NO DUTY TO DEFEND OR PROSECUTE

The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

## 4.    COMPANY'S OPTION TO DEFEND OR PROSECUTE ACTIONS; DUTY OF ASSURED TO COOPERATE

Even though the Company has no duty to defend or prosecute as set forth in Paragraph 3 above:

a.    The Company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in Paragraph 4.b. or to do any other act which in its opinion may be necessary or desirable to establish the correctness of the assurances set forth in Paragraph 3 of Schedule A or to prevent or reduce loss or damage to the Assured including, but not limited to, repeating the trustee's sale proceeding. The Company may take any appropriate action under the terms of this Guarantee, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

b.    If the Company elects to exercise its options as stated in Paragraph 4.a. the Company shall have the right to select counsel of its choice (subject to the right of the Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by the Assured in the defense of those causes of action which allege matters not covered by this Guarantee.

c.    Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.

d.    In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, the Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the Assured

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795
Customer Reference: CA01000071-17

for this purpose. Whenever requested by the Company, the Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary or desirable to establish the correctness of the assurances set forth in Paragraph 3 of Schedule A. If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

## 5.    PROOF OF LOSS OR DAMAGE

a.    In addition to and after the notices required under Section 2 of these Conditions have been provided to the Company, a proof of loss or damage signed and sworn to by the Assured shall be furnished to the Company within ninety (90) days after the Assured shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the matters covered by this Guarantee which constitute the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.   If the Company is prejudiced by the failure of the Assured to provide the required proof of loss or damage, the Company's obligation to the Assured under the Guarantee shall terminate.

b.    The Company may reasonably require the Assured to submit to examination under oath by any authorized representative of the Company and to produce for examination, inspection, and copying, at such reasonable times and places as may be designated by the authorized representative of the Company, all records, in whatever medium maintained, including books, ledgers, checks, memoranda, correspondence, reports, e-mails, disks, tapes, and videos whether bearing a date before or after Date of Guarantee, that reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect, and copy all of these records in the custody or control of a third party that reasonably pertain to the loss or damage. All information designated as confidential by the Assured provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Assured to submit for examination under oath, produce any reasonably requested information, or grant permission to secure reasonably necessary information from third parties as required in this subsection, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee as to that claim.

## 6.    OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY

In case of a claim under this Guarantee, the Company shall have the following additional options:

a.    To Pay or Tender Payment in the Amount of Guarantee or to Purchase the Indebtedness

   i.    To pay or tender payment of the full amount of this Guarantee together with any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay; or

   ii.    To purchase the indebtedness secured by the Mortgage for the amount owing thereon, together with any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of purchase and that the Company is obligated to pay.

      When the Company so purchases such indebtedness, the owner thereof shall transfer, assign, and convey to the Company the indebtedness and the Mortgage, together with any collateral security.

Upon the exercise by the Company of either of the options provided for in Paragraphs 6.a.i. or 6.a.ii., all liability and obligations of the Company to the Assured under this Guarantee, other than to make the payment required in those paragraphs, shall terminate, including any duty to continue any and all litigation initiated by Company pursuant to Paragraph 4.

b.    To Pay or Otherwise Settle with Parties Other Than the Assured or With the Assured

   i.    To pay or otherwise settle with other parties for or in the name of an Assured any claim assured against under this Guarantee. In addition, the Company will pay any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment and that the Company is obligated to pay; or

   ii.    To pay or otherwise settle with the Assured the loss or damage provided for under this Guarantee, together with any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment and that the Company is obligated to pay.

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Order No.: 95311191
Guarantee No.: TSG 08049795
Customer Reference: CA01000071-17

Upon the exercise by the Company of either of the options provided for in Paragraphs 6.b.i. or 6.b.ii., the Company's obligations to the Assured under this Guarantee for the claimed loss or damage, other than the payments required to be made, shall terminate, including any duty to continue any and all litigation initiated by Company pursuant to Paragraph 4.

## 7.    LIMITATION OF LIABILITY

This Guarantee is a contract of Indemnity against actual monetary loss or damage sustained or incurred by the Assured who has suffered loss or damage by reason of reliance upon the assurances set forth in Paragraph 3 of Schedule A and only to the extent herein described, and subject to the Exclusions From Coverage and Conditions of this Guarantee.

a.    The liability of the Company under this Guarantee to the Assured shall not exceed the least of:

    i.    The amount of liability stated in Schedule A

    ii.    The amount of the unpaid principal indebtedness secured by the Mortgage as limited or as reduced under Paragraph 8 of these Conditions at the time the loss or damage assured against by this Guarantee occurs, together with interest thereon; or

    iii.    the difference between the value of the estate or interest set forth in Schedule A and the value of the estate or interest subject to any defect, lien, encumbrance or other matter assured against by this Guarantee.

b.    If the Company or the Assured under the direction of the Company at the Company's expense establishes the title, or removes the alleged defect, lien or, encumbrance or cures any other matter assured against by this Guarantee in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

c.    In the event of any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom.

d.    The Company shall not be liable for loss or damage to the Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

## 8.    REDUCTION OF LIABILITY OR TERMINATION OF LIABILITY

All payments under this Guarantee, except payments made for costs, attorneys' fees, and expenses pursuant to Paragraph 4 shall reduce the amount of liability pro tanto.

## 9.    PAYMENT OF LOSS

a.    No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

b.    When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions the loss or damage shall be payable within thirty (30) days thereafter.

## 10.    SUBROGATION UPON PAYMENT OR SETTLEMENT

Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured.

The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the Assured the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest, and costs of collection.

---

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## 11.   ARBITRATION

Either the Company or the Assured may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service in connection with its issuance or the breach of a Guarantee provision, or to any other controversy or claim arising out of the transaction giving rise to this Guarantee. All arbitrable matters when the amount of liability in Schedule A is $2,000,000 or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the amount of liability in Schedule A is in excess of $2,000,000 shall be arbitrated only when agreed to by both the Company and the Assured. Arbitration pursuant to this Guarantee and under the Rules shall be binding upon the parties. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of competent jurisdiction.

## 12.   LIABILITY LIMITED TO THIS GUARANTEE; GUARANTEE ENTIRE CONTRACT

a.  This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.

b.  Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.

c.  No amendment of or endorsement to this Guarantee can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

## 13.   NOTICES, WHERE SENT

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at:

**Old Republic National Title Insurance Company**
**Attn: Claims Department**
400 SECOND AVENUE SOUTH
MINNEAPOLIS, MN 55401

©California Land Title Association. All rights reserved. The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

# PACIFIC COAST
## T I T L E   C O M P A N Y

1111 E. Katella Ave, #150
Orange, CA 92867
(714) 516-6791

**TRANSMITTAL**

TITLE OFFICER: Kevin Cameron
ORDER NO.: **95311191-55**
DATE:  July 18, 2017    9:06 AM

PHONE:  714-665-1860
EMAIL:  tsg@pct.com
FAX:  714-665-3760

SPECIAL DEFAULT SERVICES, INC.
17272 RED HILL AVENUE
IRVINE, CA 92614

Attn:SUPPORT
Your Ref: CA01000071-17

Enclosed please find your Trustee's Sale Guarantee.

Thank you - we appreciate your business!



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 E. First Street, Suite 1550, Santa Ana, CA 92705**


A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* **11/28/17**____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Rafael R Garcia-Salgado**    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com
- **Richard J Reynolds**    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Gilbert R Yabes**    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com


☐ Service information continued on attached page


**2. SERVED BY UNITED STATES MAIL**:
On *(date)* **11/28/17**____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Michael Joseph Ruffner**
**4829 Camino Costado**
**San Clemente, CA 92673**


☐ Service information continued on attached page


**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.


☐ Service information continued on attached page


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 11/28/17 | BERNADETTE C. ANTLE | /s/ Bernadette C. Antle |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 12                           **F 4001-1.RFS.RP.MOTION**


American LegalNet, Inc.
www.FormsWorkFlow.com