1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3
   Email: asmits@smits-law.com
4  Telephone: (949) 833-1025
   Facsimile: (949) 833-1027
5
   Attorney for Plaintiff Jay Twitty
6  and Amy Twitty



FILED

JAN 2 4 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 | In re:                        | Case No.: 8:17-bk-14421-ES
12 | MICHAEL JOSEPH RUFFNER,        | Chapter 7
13 |              Debtor.          | Adversary No.:
14 | ─────────────────────────     |
15 | JAY TWITTY, an individual, and | COMPLAINT OF JAY TWITTY
   | AMY TWITTY, an individual,    | AND AMY TWITTY TO
   |                               | DETERMINE
16 |              Plaintiffs,      | DISCHARGEABILITY OF DEBT
   |                               | [11 U.S.C. §§ 523(a)(2)(A) and
17 |        vs.                    | 523(a)(6)]
18 | MICHAEL JOSEPH RUFFNER,        |
19 |                               |
   |              Defendant.       | (Hearing date to be set by summons)
20 |                               |

21

22      Plaintiffs Jay Twitty and Amy Twitty (collectively "Plaintiffs") hereby allege

23 against debtor Michael Joseph Ruffner ("Debtor") as follows:

24      1.    This Court has jurisdiction over this core proceeding pursuant to 28

25 U.S.C. section 157(b)(2)(I) and 28 U.S.C. section 1334.

26      2.    On November 8, 2017, Debtor filed a voluntary petition for relief

27 under Chapter 7 of Title 11 of the United States Code in the United States

28 Bankruptcy Court for the Central District of California, Santa Ana Division, as

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

1

COMPLAINT OF JAY TWITTY AND AMY TWITTY TO
DETERMINE DISCHARGEABILITY OF DEBT

ORIGINAL

1  United States Bankruptcy Court Case No. 8:17-bk-14421-ES entitled *In re Michael*

2  *Joseph Ruffner*.

3        3.     This adversary proceeding is brought pursuant to 11 U.S.C. sections

4  523(a)(2)(A) and 523(a)(6) against the Debtor to determine the dischargeability of a

5  debt owed to Plaintiffs.

6        4.     This adversary proceeding arises out of and is related to the Debtor's

7  Chapter 7 bankruptcy case identified above.

8        5.     Venue properly lies in this judicial district under 28 U.S.C. section

9  1409 because Debtor's Chapter 7 bankruptcy case is pending in this district.

10  **PARTIES TO THIS ACTION**

11        6.     Plaintiffs Jay Twitty and Amy Twitty are individuals who are

12  husband and wife and residents of Orange County, California.

13        7.     Plaintiffs are informed and believe and thereon allege that Debtor is

14  an individual who resides in the County of Orange, State of California.

15  **THE JUDGMENT IS BASED ON FINDINGS OF FRAUD**

16  **AND INCLUDES AN AWARD OF PUNITIVE DAMAGES**

17        8.     Plaintiffs have suffered willful and malicious injury as a result of

18  Debtor's fraudulent actions.  Plaintiffs are creditors of Debtor by reason of a state

19  court judgment entered on December 30, 2011 in favor of Plaintiffs and against

20  Debtor in the amount of Sixty-Four Thousand Five Hundred Fifty-One Dollars and

21  28 Cents ($64,551.28), which includes punitive damages ("Judgment").  The

22  Orange County Superior Court entered the Judgment in the case entitled *Jay*

23  *Twitty and Amy Twitty v. Michael Joseph Ruffner*, Orange County Superior Court

24  Case No. 30-2010-00405912 ("State Court Action").  A copy of the Judgment is

25  attached hereto as **Exhibit "1," pages 9 to 17**.

26        9.     Debtor has not paid the Judgment.  Plaintiffs renewed the Judgment on

27  June 16, 2015 with statutory interest accrued in the amount of $22,248.86 and costs

28  in the amount of $49.00.  The renewed Judgment is in the amount of Eighty-Six

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

2

1  Thousand Eight Hundred Forty-Nine Dollars and 14 Cents ($86,849.14).  A copy of

2  the renewed Judgment is attached hereto as **Exhibit "2," pages 19 to 21**.

3        10.    Debtor has not paid any amount of the renewed Judgment and statutory

4  interest continues to accrue thereon.  As of January 23, 2018, additional interest in

5  the amount of $22,582.04 has accrued, increasing the amount of the renewed

6  Judgment to $109,431.18.

7  **THE STATE COURT ACTION**

8        11.    Plaintiffs filed the State Court Action against Debtor on September 7,

9  2010 as a Complaint For Damages Based On: (1) Recovery Of All Compensation

10  Paid To Unlicensed Contractor Under Business & Professions Code § 7031,

11  Subdivision (b); (2) Breach Of Contract; (3) Negligence; and (4) Fraud.  Plaintiffs

12  also sought punitive damages.

13        12.    A summary of the facts giving rise to and alleged in the State Court

14  Action is set forth hereafter.  Debtor operated a home remodel scam in South

15  Orange County where Plaintiffs live.  On or about June 30, 2010, Plaintiffs entered

16  into an agreement with Debtor for remodel work at their home, including but not

17  limited to the following: remodeling the entire kitchen, including cabinets,

18  countertops, and appliances; remodeling the bathrooms, fireplace, and staircase;

19  removing old floor coverings and installing new floors throughout the house;

20  resurfacing the garage floor; painting throughout the interior of the house; and

21  exterior painting of the house.  Plaintiffs paid money to Debtor under the contract.

22        13.    Debtor falsely represented to Plaintiffs that he was a licensed

23  contractor qualified to perform the work.  In making his false representations to

24  Plaintiffs, Debtor also used a fake license number in documentation provided to

25  Plaintiffs.  Unbeknownst to Plaintiffs at the time of entering into the agreement and

26  paying money thereunder, the truth was that Debtor had never been a licensed

27  contractor.

28  //

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

3

COMPLAINT OF JAY TWITTY AND AMY TWITTY TO
DETERMINE DISCHARGEABILITY OF DEBT

14. Debtor breached the agreement for the remodel work. Debtor demolished portions of the home, negligently performed some remodel work, and left Plaintiffs' home in shambles.

15. Business and Professions Code section 7031, subdivision (b), provides Plaintiffs with a severe remedy against persons performing contractor's work without a license. Under the statute, Plaintiffs are entitled to recover all compensation paid to unlicensed persons such as Debtor for performance of any act in connection with the remodel work. Furthermore, the State of California and the California State Contractors License Board view contracting without a license as misdemeanor criminal activity and a felony if the person tries to mislead consumers into believing that he is a licensed contractor, which happened here.

16. On November 4, 2010, Debtor, who was represented by counsel, filed an answer in the State Court Action and generally denied the Plaintiffs' allegations.

17. On August 1, 2011, a trial was held in the State Court Action. Debtor had a two-attorney team represent him at trial. Thereafter, the trial court entered judgment in favor of Plaintiffs and against Debtor in the amount of $64,551.28 on all causes of action, including fraud – intentional misrepresentation, and awarded punitive damages. **(Judgment, Ex. "1," pp. 9-17.)** As set forth in the eight-page Judgment, the trial court made 68 detailed findings of fact and conclusions of law. The Judgment's detailed findings on the fraud cause of action are set forth in paragraphs 30 through 58. **(Ex. "1," pp. 12-15.)** The Judgment's detailed findings of oppression, fraud and malice within the meaning of California Civil Code section 3294 and supporting the punitive damages award are set forth in paragraphs 59 through 68. **(Ex. "1," pp. 15-16.)**

18. As previously stated, Plaintiffs renewed the Judgment on June 16, 2015 in the amount of $86,849.14. **(Ex. "2," pp. 19 to 21.)** The Judgment continues to accrue statutory interest, and as of January 23, 2018 the amount of the Judgment is $109,431.18.

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

COMPLAINT OF JAY TWITTY AND AMY TWITTY TO
DETERMINE DISCHARGEABILITY OF DEBT

19.    On November 8, 2017, Debtor filed this Chapter 7 bankruptcy case with a view toward avoiding the Judgment.

## DEBTOR IS A FELON RECENTLY CONVICTED OF
## SECURITIES FRAUD IN AN UNRELATED MATTER

20.    Debtor was convicted in Orange County Superior Court on November 28, 2016 of multiple counts of felony securities fraud.  Debtor's sentence includes one year of jail, which he is believed to have served, five years' formal probation that he is currently serving, and restitution.  Attached hereto as **Exhibit "3," pages 23 to 24,** is a Case Summary for the criminal action styled *People v. Ruffner*, Orange County Superior Court case number 16CF0911.  The attached Case Summary was obtained, and is available, from the website of the Orange County Superior Court.

## FIRST CLAIM FOR RELIEF
## (11 U.S.C. § 523(a)(2)(A))

21.    Plaintiffs reallege and incorporate by this reference the allegations of paragraphs 1 through 20 above as if fully set forth herein.

22.    Under 11 U.S.C. section 523(a)(2)(A), Debtor is not entitled to discharge a debt for money, property, or services to the extent obtained by false pretenses, a false representation, or actual fraud.

23.    As set forth in the Judgment, the state court found that Debtor is liable to Plaintiffs based on fraud – intentional misrepresentation.  See Judgment, paragraphs 30 through 58. (**Ex. "1," pp. 12-15.**)

24.    Debtor is the same party against whom the Judgment was entered in the State Court Action.

25.    Debtor had a full and fair opportunity to litigate each of the issues relating to the Judgment in the State Court Action.

26.    The Judgment was granted on the merits and is final.

27.    The issues relating to nondischargeability of the debt pursuant to 11

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

COMPLAINT OF JAY TWITTY AND AMY TWITTY TO
DETERMINE DISCHARGEABILITY OF DEBT

1  U.S.C. section 523(a)(2)(A) in this action are identical to the issues that were raised

2  and litigated in the State Court Action.

3       28.    A determination of the issues relating to the nondischargeability of the

4  Judgment under 11 U.S.C. section 523(a)(2)(A) was necessary to the outcome of

5  the State Court Action.

6       29.    The doctrine of collateral estoppel bars Debtor from disputing or

7  relitigating any and all of the issues that were determined by the state court in

8  granting the Judgment, which is based on fraud – intentional misrepresentation and

9  in favor of Plaintiffs.

10      30.    The Debtor's obligations owing on the Judgment are non-

11  dischargeable, and Plaintiffs are entitled to entry of judgment in this action

12  accordingly.

**SECOND CLAIM FOR RELIEF**

**(11 U.S.C. § 523(a)(6))**

15      31.    Plaintiffs reallege and incorporate by this reference the allegations of

16  paragraphs 1 through 30 above as if fully set forth herein.

17      32.    Under 11 U.S.C. section 523(a)(6), Debtor is not entitled to discharge a

18  debt for willful and malicious injury by the Debtor to Plaintiffs.

19      33.    The Judgment is based on the state court's findings that Debtor injured

20  Plaintiffs willfully and with malice when he committed the intentional tort of fraud.

21  Indeed, the state court awarded punitive damages against Debtor as part of the

22  Judgment.  See Judgment, paragraphs 59 through 68. (**Ex. "1," pp. 15-16.**)

23      34.    Debtor had a full and fair opportunity to litigate each of the issues

24  relating to the Judgment in the State Court Action.

25      35.    The Judgment was granted on the merits and is final.

26      36.    The issues relating to nondischargeability of the debt pursuant to 11

27  U.S.C. section 523(a)(6) in this action are identical to the issues that were raised

28  and litigated in the State Court Action.

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

37.    A determination of the issues relating to the nondischargeability of the Judgment under 11 U.S.C. section 523(a)(6) was necessary to the outcome of the State Court Action.

38.    The doctrine of collateral estoppel bars Debtor from disputing or relitigating any and all of the issues that were determined by the state court in granting the Judgment, which is based on fraud – intentional misrepresentation and in favor of Plaintiffs.

39.    The Debtor's obligations owing on the Judgment are nondischargeable, and Plaintiffs are entitled to entry of judgment in this action accordingly.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Debtor as follows:

1.    A determination that Debtor is collaterally estopped from litigating any and all issues that are the subject of the Judgment;

2.    A determination that the Judgment and the full amount of the debt described therein is nondischargeable under 11 U.S.C. section 523(a)(2)(A);

3.    A determination that the Judgment and the full amount of the debt described therein is nondischargeable under 11 U.S.C. section 523(a)(6);

4.    For damages in the amount not less than $109,431.18, plus prejudgment interest to the extent permitted by law;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as this Court may deem just and proper.

Dated: January 24, 2018

LAW OFFICES OF ANDREW A. SMITS

By: _____
Andrew A. Smits
Attorney for Plaintiffs Jay Twitty and
Amy Twitty

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

COMPLAINT OF JAY TWITTY AND AMY TWITTY TO
DETERMINE DISCHARGEABILITY OF DEBT

# EXHIBIT 1

1    Andrew A. Smits (State Bar No. 146659)
     Law Offices of Andrew A. Smits
2    36 Executive Park, Suite 160
     Irvine, California 92614-4794
3    Telephone:  (949) 833-1025
     Facsimile:  (949) 833-1027
4
     Attorney for Plaintiffs Jay Twitty
5    and Amy Twitty

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 3 0 2011

ALAN CARLSON, Clerk of the Court

*K Peraza*
BY K. PERAZA

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11   JAY TWITTY, an individual, and AMY        Case No.: 30-2010-00405912
     TWITTY, an individual,
12                                             Assigned to:  Judge David T. McEachen
                                               Dept. C21
13
                    Plaintiffs,               [~~PROPOSED~~] AMENDED CORRECTED
14                                            JUDGMENT IN FAVOR OF
     vs.                                      PLAINTIFFS JAY TWITTY AND AMY
15                                            TWITTY AND AGAINST DEFENDANT
                                              MICHAEL JOSEPH RUFFNER
16   MICHAEL JOSEPH RUFFNER, an
17   individual; PACIFIC HANDCRAFTED
     CABINETRY, LLC, a limited liability
18   company; and DOES 1 to 50,

19                   Defendants.              Complaint filed:  September 7, 2010
                                              Trial date:        August 1, 2011
20

21

22       This action came on regularly for trial on August 1, 2011 at 9:00 A.M. in Department C21

23   of the Orange County Superior Court, the Honorable David T. McEachen, judge presiding.

24   Plaintiffs Jay Twitty and Amy Twitty ("Plaintiffs") appeared by and through their attorney of

25   record, Andrew A. Smits.  Defendants Michael Joseph Ruffner and Pacific Handcrafted Cabinetry,

26   LLC ("Defendants") appeared by and through their attorney of record, Lisa G. Salisbury.  After the

27   trial, the Court entered on August 2, 2011 a Judgment in Favor of Plaintiffs Jay Twitty and Amy

28   Twitty and Against Defendant Michael Joseph Ruffner.

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

                                              1

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 9

1     On November 15, 2011 in Department C21 of the Orange County Superior Court, the

2   Honorable David T. McEachen, judge presiding, plaintiffs Jay Twitty and Amy Twitty

3   ("Plaintiffs") moved to set aside the Judgment entered August 2, 2011 and enter a different

4   judgment.  Plaintiffs appeared by and through their attorney of record, Andrew A. Smits.

5   Defendant Michael Joseph Ruffner appeared by and through his attorney of record, Lisa G.

6   Salisbury.

7     After having received and considered evidence and hearing arguments of counsel, the

8   Court makes the following findings:

9   **On All Causes of Action:**

10    1.    Michael Joseph Ruffner ("Ruffner") never had a license issued by the California

11  State Contractors License Board.

12    2.    Ruffner did not have a license issued by the California State Contractors License

13  Board during the period April 1, 2010 through September 1, 2010.

14    3.    Ruffner has never had a valid contractor's license issued by any State in the United

15  States of America.

16    4.    Ruffner never had a contractor's license with the following number: 705192.

17    5.    Ruffner never had any type of license with the following number: 705192.

18    6.    Ruffner never had any type of license with the following number: 200506010171.

19    7.    The entity known as "Pacific Handcrafted (PHC)" did not have during the period

20  April 1, 2010 through September 1, 2010 a contractor's license issued by the California State

21  Contractors License Board.

22    8.    The entity known as "Pacific Handcrafted (PHC)" never had a contractor's license

23  issued by the California State Contractors License Board.

24    9.    The entity known as "Pacific Handcrafted (PHC)" never had any type of license

25  with the following number: 705192.

26    10.    The entity known as "Pacific Handcrafted (PHC)" never had any type of license

27  with the following number: 200506010171.

28    11.    Pacific Handcrafted Cabinetry, LLC, did not have during the period April 1, 2010

2

Law Offices of Andrew A. Smits
16 Executive Park
Suite 160
Irvine, California 92614-4774
Telephone (949) 833-1025
Facsimile (949) 833-1027

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 10

through September 1, 2010 a contractor's license issued by the California State Contractors License Board.

12.    Pacific Handcrafted Cabinetry, LLC, never had a contractor's license issued by the California State Contractors License Board.

13.    Pacific Handcrafted Cabinetry, LLC, never had any type of license with the following number: 705192.

14.    Pacific Handcrafted Cabinetry, LLC, never had any type of license with the following number: 200506010171.

15.    Pacific Handcrafted Cabinetry, LLC, was never licensed by the California State Contractors License Board.

16.    Pacific Handcrafted Cabinetry, LLC, was not authorized to transact business in the State of California during the period April 1, 2010 through September 1, 2010.

17.    According to the California Secretary of State's records, Pacific Handcrafted Cabinetry, LLC, was a cancelled limited liability company during the period April 1, 2010 through September 1, 2010.

18.    During the period April 1, 2010 through September 1, 2010, Ruffner did not have any ownership interest in the entity known as Pacific Handcrafted Cabinetry, LLC.

19.    Ruffner performed contracting work for Plaintiffs valued at $500 or more in labor and materials.

**On Breach of Contract Cause of Action:**

20.    On or about June 30, 2010, plaintiffs Jay Twitty and Amy Twitty ("Plaintiffs") entered into an agreement with defendants Ruffner and Pacific Handcrafted Cabinetry, LLC ("PHC"), for Ruffner and PHC to provide contractor's services in remodeling Plaintiffs' home.

21.    Ruffner received from Plaintiffs payments totaling $20,730 for contractor's services to be performed at the real property commonly known as 2004 Corte Cardelina, San Clemente, California 92673 ("Twitty Home" or "Plaintiffs' Home").

22.    Plaintiffs performed all conditions, covenants and promises required on their part to be performed in accordance with the terms of the agreement between Plaintiffs, on the one hand,

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Facsimile (949) 833-1027

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 11

1  and defendants Ruffner and PHC, on the other hand, for contractor's services in remodeling

2  Plaintiffs' home.

3      23.    Ruffner breached his agreement with Plaintiffs to provide contractor's services in

4  remodeling parts of the Twitty Home.

5      24.    As a result of Ruffner's breach of his agreement with Plaintiffs to provide

6  contractor's services in remodeling parts of the Twitty Home, Plaintiffs have been damaged in an

7  amount not less than $60,000.

8  **On the Negligence Cause of Action:**

9      25.    Ruffner owed a duty to Plaintiffs to use reasonable care in providing contractor's

10  services for remodeling Plaintiffs' home.

11      26.    Ruffner breached his duty to use reasonable care in providing contractor's services

12  for remodeling Plaintiffs' home.

13      27.    Ruffner was negligent in providing contractor's services for remodeling Plaintiffs'

14  home.

15      28.    Ruffner' negligence in providing contractor's services was a cause of damage to

16  Plaintiffs.

17      29.    Ruffner's negligence caused Plaintiffs damages in an amount not less than $60,000.

18  **On the Fraud – Intentional Misrepresentation Cause of Action:**

19      30.    Ruffner represented to plaintiff Jay Twitty that he was a licensed contractor in the

20  State of California.

21      31.    Ruffner represented to plaintiff Amy Twitty that he was a licensed contractor in the

22  State of California.

23      32.    Ruffner represented to Plaintiffs that he held a valid California contractor's license

24  qualifying him to perform contractor's services for remodeling Plaintiffs' home.

25      33.    Ruffner knew he did not have a contractor's license issued by the California State

26  Contractors License Board when he represented to plaintiff Amy Twitty that he was licensed

27  contractor.

28      34.    Ruffner knew he did not have a contractor's license issued by the California State

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4704
Telephone (949) 833-1025
Facsimile (949) 833-1027

4

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

1    Contractors License Board when he represented to plaintiff Jay Twitty that he was licensed

2    contractor.

3         35.    When Ruffner represented to Plaintiffs that he held a valid California contractor's

4    license, Ruffner knew his representation was false.

5         36.    Ruffner knew he did not have a contractor's license issued by the California State

6    Contractors License Board when he took Plaintiffs' payments totaling $20,730.

7         37.    Ruffner represented to Plaintiffs that he had a valid California contractor's license

8    with the intention to deceive Plaintiffs.

9         38.    Ruffner represented to Plaintiffs that he had a valid California contractor's license

10   with the intention to defraud Plaintiffs.

11        39.    Ruffner represented to Plaintiffs that he held a valid California contractor's license

12   for the purpose of inducing Plaintiffs to enter into the agreement for Ruffner to provide

13   contractor's services in remodeling Plaintiffs' home.

14        40.    Ruffner represented to Plaintiffs that he held a valid California contractor's license

15   for the purpose of inducing Plaintiffs to pay him money for contractor's services in remodeling

16   Plaintiffs' home.

17        41.    Ruffner believed that Plaintiffs would rely on his representations that he had a valid

18   California contractor's license in making their decision to hire him to provide contractor's

19   services.

20        42.    Ruffner represented to Plaintiffs that he was qualified to perform contractor's

21   services for remodeling Plaintiffs' home.

22        43.    When Ruffner represented to Plaintiffs that he was qualified to perform contractor's

23   services for remodeling Plaintiffs' home, Ruffner knew his representation was false.

24        44.    Ruffner represented to Plaintiffs that he was qualified to perform contractor's

25   services for remodeling Plaintiffs' home with the intention to defraud Plaintiffs.

26        45.    Ruffner represented to Plaintiffs that he was qualified to perform contractor's

27   services for the purpose of inducing Plaintiffs to enter into the agreement for Ruffner to provide

28   contractor's services in remodeling Plaintiffs' home.

Law Offices of Andrew A. Smith
16 Executive Park
Suite 160
Irvine, California 92614-4704
Telephone (949) 833-1025
Facsimile (949) 833-1027

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 13

46.    Ruffner represented to Plaintiffs that he was qualified to perform contractor's services for the purpose of inducing Plaintiffs to pay him money for contractor's services in remodeling Plaintiffs' home.

47.    Plaintiff Jay Twitty was unaware of the falsity of Ruffner's representation that Ruffner held a valid California contractor's license.

48.    Plaintiff Amy Twitty was unaware of the falsity of Ruffner's representation that Ruffner held a valid California contractor's license.

49.    Plaintiff Jay Twitty was unaware of the falsity of Ruffner's representation that Ruffner was qualified to perform contractor's services for remodeling Plaintiffs' home.

50.    Plaintiff Amy Twitty was unaware of the falsity of Ruffner's representation that Ruffner was qualified to perform contractor's services for remodeling Plaintiffs' home.

51.    Plaintiff Jay Twitty justifiably relied on Ruffner's representation that Ruffner held a valid California contractor's license.

52.    Plaintiff Amy Twitty justifiably relied on Ruffner's representation that Ruffner held a valid California contractor's license.

53.    Plaintiffs justifiably relied on Ruffner's representation that Ruffner was qualified to perform contractor's services for remodeling Plaintiffs' home.

54.    Ruffner caused Plaintiffs to suffer damages as a result of his misrepresentation that he had a valid California contractor's license.

55.    Ruffner caused Plaintiffs to suffer damages in an amount not less than $60,000 as a result of his misrepresentation that he had a valid California contractor's license.

56.    As a result of the reliance upon the truth of Ruffner's representation that he held a valid California contractor's license, Plaintiffs sustained damages in an amount not less than $60,000.

57.    As a result of the reliance upon the truth of Ruffner's representation that he was qualified to perform contractor's services for remodeling Plaintiffs' home, Plaintiffs sustained damages in an amount not less than $60,000.

58.    Ruffner is liable to Plaintiffs for his intentional misrepresentations causing

6

LAW OFFICES OF ANDREW A. SMITH
16 Executive Park
Suite 160
Irvine, California 92614-4791
Telephone (949) 833-1035
Facsimile (949) 833-1027

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 14

1    Plaintiffs damages in an amount not less than $60,000.

2        59.    Ruffner represented to Plaintiffs, willfully, fraudulently and with the intent and

3    purpose of advancing his own interests at the expense of and disregard for Plaintiffs' rights and

4    interests, that he was a duly licensed contractor in the State of California.

5        60.    Ruffner's intentional misrepresentation to Plaintiffs that he held a valid California

6    contractor's license constitutes malicious, oppressive and fraudulent conduct.

7        61.    Ruffner's intentional misrepresentation to Plaintiffs that he was qualified to

8    perform contractor's services for remodeling Plaintiffs' home constitutes malicious, oppressive

9    and fraudulent conduct.

10       62.    Ruffner's intentional misrepresentation to Plaintiffs that he held a valid California

11   contractor's license constitutes willful injury to Plaintiffs in that Ruffner's actions were deliberate

12   and intentional.

13       63.    Ruffner's intentional misrepresentation to Plaintiffs that he was qualified to

14   perform contractor's services for remodeling Plaintiffs' home constitutes willful injury to

15   Plaintiffs in that Ruffner's actions were deliberate and intentional.

16       64.    Ruffner's intentional misrepresentation to Plaintiffs that he held a valid California

17   contractor's license constitutes malicious injury to Plaintiffs in that Ruffner's actions were

18   wrongful, intentional, necessarily causing injury, and committed without just cause or excuse.

19       65.    Ruffner's intentional misrepresentation to Plaintiffs that he was qualified to

20   perform contractor's services for remodeling Plaintiffs' home constitutes malicious injury to

21   Plaintiffs in that Ruffner's actions were wrongful, intentional, necessarily causing injury, and

22   committed without just cause or excuse.

23       66.    Ruffner's actions with respect to Plaintiffs constitute willful injury to Plaintiffs in

24   that Ruffner's actions were deliberate and intentional.

25   //

26   //

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Facsimile (949) 833-1927

7

1    67.    Ruffner's actions with respect to Plaintiffs constitute malicious injury to Plaintiffs

2    in that Ruffner's actions were wrongful, intentional, necessarily causing injury, and committed

3    without just cause or excuse.

4    68.    The amount of punitive damages awarded to plaintiffs Jay Twitty and Amy Twitty

5    and against defendant Michael Joseph Ruffner is $100.00.

6    It appearing by reason of the foregoing findings, plaintiffs Jay Twitty and Amy Twitty are

7    entitled to judgment against defendant Michael Joseph Ruffner as follows:

8    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Judgment is

9    granted in favor of plaintiffs Jay Twitty and Amy Twitty and against defendant Michael Joseph

10    Ruffner, and plaintiffs Jay Twitty and Amy Twitty shall have and recover from defendant Michael

11    Joseph Ruffner as follows:

12    1.    Compensatory damages in the total amount of $60,000.00;

13    2.    Punitive damages in the amount of $100.00;

14    3.    Pre-judgment interest on $20,730.00 accruing at the annual rate of 10 percent

15    (10%) from September 30, 2010 to August 1, 2011, which is in the amount of $1,729.00;

16    4.    Discovery sanctions awarded pursuant to the Court's orders entered May 17, 2011

17    in favor of Plaintiffs and against defendant Ruffner in the total amount of $1,130.00; and

18    5.    Costs in the amount of $1,592.28.

19    Total: $64,551.28.

20

21    Dated: ___DEC 3 0 2011___

22                                                        **DAVID T. McEACHEN**
                                                        _____
                                                        David T. McEachen

23                                                        Judge of the Superior Court, County of Orange

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Facsimile (949) 833-1027

8

AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY
AND AMY TWITTY AND AGAINST DEFENDANT

Exhibit 1 Page 16

# PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794.

On December 20, 2011, I served the document described as follows: **[PROPOSED] AMENDED CORRECTED JUDGMENT IN FAVOR OF PLAINTIFFS JAY TWITTY AND AMY TWITTY AND AGAINST DEFENDANT MICHAEL JOSEPH RUFFNER** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

Michael Joseph Ruffner
4829 Camino Costado
San Clemente, CA  92673-6414

Tel. (949) 257-3565

Defendant in pro per

[ X ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.

[ ] **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of the addressee.  Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.  A copy of the said transmission report is attached hereto.

[ ] **(By Overnight Delivery)** I caused overnight delivery by Overnite Express of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery by Overnite Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on December 20, 2011 at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

# EXHIBIT 2



**CONFORMED COPY**

EJ-190

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*: | |
|---|---|
| *After recording, return to:*<br>Andrew A. Smits     (State Bar No. 146659)<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA  92614-4794<br>asmits@smits-law.com<br>TEL. NO.: 949 833-1025     FAX NO. *(optional)* 949 833-1027<br>E-MAIL ADDRESS *(Optional)*:<br>[X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD | **Recorded in Official Records, Orange County**<br>**Hugh Nguyen, Clerk-Recorder**<br>\|\|\|\|\|\|\| **25.00**<br>**\* $ R 0 0 0 7 6 5 4 7 9 3 $ \***<br>**2015000346476 9:52 am 07/02/15**<br>**10 415 R20 F13   3**<br>**0.00 0.00 0.00 0.00 6.00 10.00 0.00 0.00** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA  92701
BRANCH NAME: Central Justice Cneter

*FOR RECORDER'S USE ONLY*

| PLAINTIFF: Jay Twitty and Amy Twitty | CASE NUMBER: |
|---|---|
| DEFENDANT: Michael Joseph Ruffner, et al. | 30-2010-00405912-CU-BT-CJC |

| **APPLICATION FOR AND RENEWAL OF JUDGMENT** | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/16/2015** at 01:21:00 PM<br>Clerk of the Superior Court<br>By Anh Dang, Deputy Clerk |
|---|---|

[X]  Judgment creditor

[ ]  Assignee of record

applies for renewal of the judgment as follows:

1. Applicant *(name and address)*:
   Jay Twitty and Amy Twitty, c/o Andrew A. Smits, Law Offices of Andrew A. Smits
   36 Executive Park, Suite 160, Irvine, CA  92614-4794

2. Judgment debtor *(name and last known address)*:
   Michael Joseph Ruffner, 4829 Camino Costado
   San Clemente, CA  92763

3. Original judgment
   a. Case number *(specify)*:  30-2010-00405912-CU-BT-CJC
   b. Entered on *(date)*:  December 30, 2011
   c. Recorded:
      (1) Date:  2/15/12
      (2) County:  Orange
      (3) Instrument No.:  2012000087532

4. [ ] Judgment previously renewed *(specify each case number and date)*:

5. [X]  Renewal of money judgment
   a. Total judgment . . . . . . . . . . . . . . . . . . . . . . $ 64,551.28
   b. Costs after judgment . . . . . . . . . . . . . . . . . $     19.00
   c. Subtotal *(add a and b)* . . . . . . . . . . . . . . . $ 64,570.28
   d. Credits after judgment . . . . . . . . . . . . . . . . $
   e. Subtotal *(subtract d from c)* . . . . . . . . . . . $ 64,570.28
   f. Interest after judgment . . . . . . . . . . . . . . . . $ 22,248.86
   g. Fee for filing renewal application . . . . . . . . . $     30.00
   h. Total renewed judgment *(add e, f, and g)*  $ 86,849.14

   i. [ ]  The amounts called for in items a–h are different for each debtor.
          These amounts are stated for each debtor on Attachment 5.

Page 1 of 2

| Form Approved for Optional Use<br>Judicia Council of California<br>EJ-190 [Rev. July 1, 2014] | **APPLICATION FOR AND RENEWAL OF JUDGMENT** | Code of Civil Procedure, § 683.140 |
|---|---|---|

Exhibit 2 Page 19

| SHORT TITLE:<br>Twitty v. Ruffner | CASE NUMBER:<br>30-2010-00405912-CU-BT-CJC |
| --- | --- |

6. ☐ Renewal of judgment for  ☐ possession.
                              ☐ sale.

a. ☐ If judgment was not previously renewed, terms of judgment as entered:

b. ☐ If judgment was previously renewed, terms of judgment as last renewed:

c. ☐ Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  June 12, 2015

Andrew A. Smits
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

Exhibit 2 Page 20

I hereby certify the foregoing instrument consisting of ___ page(s) is a true and correct copy of the original on file in this court.

ATTEST: (DATE)_____
ALAN CARLSON, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ , DEPUTY

**PATTY CONDE**

Exhibit 2 Page 21

# EXHIBIT 3

# Case Summary

**Case Number:** 16CF0911
**OC Pay Number:** 8802964
**Originating Court:** Central
**Defendant:** Ruffner, Michael
**Demographics:**

| | |
|---|---|
| Eyes: | Hazel |
| Hair: | Blond |
| Height(ft/in) : | 6'0" |
| Weight (lbs) | 185 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Ruffner | Michael | Joseph | Court True Name |
| Ruffner | Michael | J | Court True Name |
| Rufner | Michael | Joseph | Court True Name |
| Ruffner | Michael | | Real Name |

**Case Status:**

| | |
|---|---|
| Status: | Convicted |
| Case Stage: | |
| Release Status: | Remanded |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Complaint |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 1 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 03/23/2012 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 1 | 2 | 03/23/2012 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 1 | 4 | 03/23/2012 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 2 | 0 | 02/06/2012 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 2 | 2 | 02/06/2012 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 2 | 4 | 02/06/2012 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 3 | 0 | 06/18/2012 | 25401 CC | F | Untrue Statement or Ommission In Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 3 | 2 | 06/18/2012 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 3 | 4 | 06/18/2012 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 4 | 0 | 11/16/2012 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 4 | 2 | 11/16/2012 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 4 | 4 | 11/16/2012 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 5 | 0 | 12/07/2012 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 5 | 2 | 12/07/2012 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 5 | 4 | 12/07/2012 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 6 | 0 | 09/13/2013 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 6 | 2 | 09/13/2013 | 186.11(a)(1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 6 | 4 | 09/13/2013 | 12022.6(a)(2) PC | F | ENH-Property damage over $200,000 | DENIED | 11/28/2016 | Found True | 11/28/2016 |
| 7 | 0 | 06/26/2014 | 25401 CC | F | Untrue Statement or Ommission with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 7 | 2 | 06/26/2014 | 186.11(a)(1)/(2) PC 12022.6(a) | F | ENH-Aggravated white collar crime over $500k | DENIED | 11/28/2016 | Found True | 11/28/2016 |

Exhibit 3 Page 23

https://ocapps.occourts.org/Vision_PublicNS/PrintCase.do

| 7 | 4 | 06/26/2014 | (2) PC | F | ENH-Property damage over $200,000 | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 8 | 0 | 09/06/2013 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 8 | 2 | 09/06/2013 | 186.11(a) (1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 8 | 4 | 09/06/2013 | 12022.6(a) (2) PC | F | ENH-Property damage over $200,000 | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 9 | 0 | 04/16/2014 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 9 | 2 | 04/16/2014 | 186.11(a) (1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 9 | 4 | 04/16/2014 | 12022.6(a) (2) PC | F | ENH-Property damage over $200,000 | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 10 | 0 | 01/06/2014 | 25401 CC | F | Untrue Statement or Ommission in Connection with Purchase or Sale | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 10 | 2 | 01/06/2014 | 186.11(a) (1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 10 | 4 | 01/06/2014 | 12022.6(a) (2) PC | F | ENH-Property damage over $200,000 | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 11 | 0 | 02/06/2012 | 25541 CC | F | Use of Device, Scheme or Artifice to Defraud | NOLO CONTENDERE | 11/28/2016 | Pled Nolo Contendere | 11/28/2016 |
| 11 | 2 | 02/06/2012 | 186.11(a) (1)/(2) PC | F | ENH-Aggravated white collar crime over $500k | | DENIED | 11/28/2016 Found True | 11/28/2016 |
| 11 | 4 | 02/06/2012 | 12022.6(a) (2) PC | F | ENH-Property damage over $200,000 | | DENIED | 11/28/2016 Found True | 11/28/2016 |

**Co Defendants:**

| Last Name | First Name | Release Status | Status Date |
|---|---|---|---|
| Schlegel | Christopher | Remanded | 11/28/2016 |
| Groves | Jourdan | Released on Bond | 04/19/2016 |
| Melcher | Michael | Remanded | 11/28/2016 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| District Attorney | OCDA | | Hernandez, Mike | | |
| Conflict Attorney | RETAT | | Sheaks, Roger | | |
| Public Defender | OCPD | | Deputy Public Defender, | | |
| Alternate Defender | ALTD | | Hernandez, Jose Luis | | |
| District Attorney | OCDA | | Lipton, Michelle | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 04/18/2016 | Arraignment In Custody | CJ1 | Heard | Waives arraignment today |
| 05/06/2016 | Arraignment In Custody | C55 | Heard | |
| 05/06/2016 | Motion Bail | C55 | Heard | 10 court days |
| 05/12/2016 | Hearing Bail Review | C55 | Heard | |
| 06/22/2016 | Pre Trial - | C55 | Heard | 60 calendar days |
| 06/30/2016 | Motion Marsden | C55 | Heard | |
| 06/30/2016 | Motion Marsden | C28 | Heard | Marsden motion denied |
| 06/30/2016 | Pre Trial - | C28 | Cancel | |
| 08/22/2016 | Pre Trial - | C55 | Heard | Reasonable Time Waiver |
| 11/08/2016 | Pre Trial - | C55 | Heard | Reasonable Time Waiver |
| 11/28/2016 | Pre Trial - | C55 | Heard | |

**Sentences:**

| Seq # | Sentence Date | Sentence |
|---|---|---|
| 1 | 11/28/2016 | 5 years Probation |
| 2 | 11/28/2016 | 364 days Jail |
| 3 | 11/28/2016 | Restitution |

**Probation:**

| Sent Seq # | Type | Term | End Date |
|---|---|---|---|
| 1 | FORMAL | 5 years | 11/27/2021 |

**History:**

| Status | Status Date | End Date |
|---|---|---|
| Active | 11/28/2016 | 11/27/2021 |

Exhibit 3 Page 24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

36 Executive Park, Suite 160
Irvine, CA  92614-4794

A true and correct copy of the foregoing document entitled (*specify*): _____
COMPLAINT OF JAY TWITTY AND AMY TWITTY TO DETERMINE DISCHARGEABILITY OF DEBT
[11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)]
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  01/24/2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
U.S. Bankruptcy Court, Central District of California, Santa Ana Division
411 W. Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/24/2018 | Kimberly Richardson | *Kimberly Richardson* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                     **F 9013-3.1.PROOF.SERVICE**